Manly, J.
 

 What amounts to reasonable skill and care belongs to a class- of questions, which are said to. be compounded of law and fact. In this class stand reasonable time, due diligence, legal provocation, probable cause and the like. A division of the question in such cases, between the Court and jury, is now considered settled, and, therefore, where there is a state of facts conceded, or proved, it becomes the duty of the Court to draw the conclusion as matter of law. If there be a conflict of testimony presenting different views of the case, it is, in like manner, the Court’s duty, upon these views, to draw the proper conclusions.
 

 We have no information as to the evidence in the Superior Court, save that it was conflicting. From this, we infer that there were states of facts deposed to, which might justify opposite conclusions as to the skill or care of the surgeon ; or if the conflict were not to that extent, the case presented a
 
 single
 
 phase on which there was only a single inference of law to be drawn. The Court below, on the trial before the jury, left the matter at large, both law and fact, to be decided by them.—
 
 *386
 
 Upon the proofs, they were required to find whether the defendant possessed the requisite skill, and had exerted it in the plaintiff’s behalf. This was an enquiry, compounded, according to the authorities, of law and fact, and it was, consequently, erroneous to leave it, in that state, to be decided by the jury. This error may have affected injuriously the rights of the defendant. Ve cannot tell, certainly, in the absence of the proofs; but an error being committed, unless it appear from the proofs that it has done the appellant no harm, it will follow' there must be a
 
 venire de novo.
 

 The case of
 
 Plummer
 
 v. Gheen, reported, 3 Hawks’ 66, is, in all respects, similar to the one before us, except that in the former case, the question was' one of
 
 probable cause.
 
 The Judge, there, left it to the jury under a general definition of probable cause, to decide “whether the defendant had probable grounds of suspicion, amounting to probable cause,” no special instructions being asked for. This was held to be erroneous.
 

 The principle of this decision seems to have been followed since in the cases of
 
 Beale
 
 v. Robertson, 7 Ired. Rep. 280 ;
 
 Avera
 
 v. Sexton, 13 Ired. Rep. 247, and
 
 Tickers
 
 v. Logan, Busb. Rep. 393. None of these cases concerned the requisite skill and care in a learned profession; but if a separation of the enquiry in such cases into questions of law and fact be proper, in order to refer matters purely of reasoning to the tribunal most capable of considering them, and, therefore, most likely to maintain uniformity of decision, much more ought the question, arising in this case, to be so judged. It is seen to involve not only matter of reasoning, but reasoning as to the due execution of work in a learned science.
 

 We are of opinion that it was error in the Superior Court to leave it to the jury to decide the questions of skill and care in a surgeon’s treatment of his patient, without the aid of the Court’s opinion, based upon proper suppositions as to the facts found by the jury. There must be a
 
 venire de novo.
 

 Per Curiam,
 

 Judgment reversed.