THE INDIANAPOLIS, PERU, AND CHICAGO RAILWAY COMPANY
*v.* RINARD.

RAILROAD.—*Right to Discriminate as to Rates of Fare.*—Railroad companies may discriminate between the amount of fare where a ticket is purchased and where the fare is paid upon the train.

SAME.—Railroad companies have no right to discriminate between persons, and sell tickets to some and refuse others.

SAME.—A person having duly applied for a ticket, and having been refused without just cause, has the same right to be carried upon paying, or offering to pay, the ticket rate of fare as if he had previously purchased a ticket.

From the Pulaski Common Pleas.

*D. Moss*, for appellant.

WORDEN, C. J.—This was an action by the appellee against the appellant, to recover damages for the alleged wrongful ejection of the plaintiff from the railway carriage of the defendant.

The action was brought in Miami county, but a change of venue was taken to Pulaski.

Issue, trial by the court, finding and judgment for the plaintiff for six hundred dollars. Motion for a new trial on the ground of overruling a motion to suppress certain portions of a deposition, and that the finding was not sustained by the evidence, overruled, and exception. No point is made on the motion to suppress the depositions. The complaint alleged, in substance, that the plaintiff, being desirous of going from Kokomo to Tipton, went to the defendant's ticket office at the former place, to purchase a ticket for that purpose, at least five minutes before the starting of the train on which the plaintiff desired to go and while the ticket agent was in said office, and applied to the agent for a ticket from the former to the latter of those places, but that the agent refused to sell him such ticket. Thereupon the plaintiff entered one of the cars for the purpose of being transported as above stated, and when the train had got about three miles from Kokomo, the conductor demanded seventy cents as the fare from Kokomo to Tipton, the ticket price being only sixty cents; that the plaintiff offered to pay the sixty cents, but this the conductor refused to receive and demanded the seventy cents; that the plaintiff refusing to pay the seventy cents, the train was stopped, and the plaintiff was put off in the mud and rain at a distance from any house, and at a place not used as a stopping place, etc. The defendant answered by general denial and two special paragraphs.

The special paragraphs of answer alleged, in substance, that the train of cars upon which the plaintiff entered was a freight train, and run for the purpose of transporting freight and not passengers; but as a special accommodation to the public, the same being a great detriment to the defendants, the defendant did carry passengers thereon, but only on the express condition that they should first procure tickets; that the defendant did not hold herself out as a carrier of passengers on that train, but as an accommodation to the public, she carried them on condition of their having first procured tickets; that the plaintiff not having procured a ticket, and refusing to pay the seventy cents, the regular fare when a ticket was not procured, he was rightfully expelled, etc. A demurrer was sustained to these paragraphs for want of sufficient facts, and exception taken. This ruling is assigned for error.

We think the ruling was clearly right. Railroad companies may, doubtless, discriminate between the amount of fare where a ticket is purchased and where it is paid upon the train. *The Jeffersonville R. R. Co.* v. *Rogers*, 38 Ind. 116.

Perhaps they could make regulations by which no one could be carried at all on trains carrying passengers without having previously procured a ticket. But if they could make such regulations, still they would have no right to discriminate between persons, and sell tickets to some and refuse others, without some just cause. A person having duly applied for a ticket and having been refused, without just cause, would have the same right to be carried upon paying, or offering to pay, the ticket rate of fare, as if he had previously purchased a ticket. In this case, it is alleged that the plaintiff properly applied for a ticket, and that the agent refused to sell him one.

There is nothing in the answer showing any valid reason for the refusal. Such refusal entitled the plaintiff to be carried the same as if he had purchased a ticket, upon his paying, or offering to pay, the ticket rate of fare.

The evidence tends very strongly to make out the case.

We can by no means say that the finding is not sustained by the evidence. The damages assessed look pretty large, but that they were excessive was not made a ground for the motion for a new trial. We find no brief on file for the appellee, and as the damages assessed below are doubtless amply sufficient to remunerate the plaintiff, we affirm the judgment below without damages here.

The judgment below is affirmed, with costs.

Petition for a rehearing overruled.