JOHN H. BOON v. J. S. MURPHY.

*Trial—Judge's Charge—Exceptions—Negligence—Physicians—Malpractice.*

1. The Judge is not bound to recapitulate all the evidence in his charge to the jury; it is sufficient for him to direct the attention of the jury to the principal questions they have to try, and explain the law applicable thereto.

2. If a party desires the entire testimony, or any specific part thereof, recapitulated to the jury, he should make the request in apt time and before verdict.

3. An appellant may assign error for misdirection to the jury, for the first time, in the preparation of his case on appeal.

4. In an action against a physician for malpractice, the Court charged the jury that "ordinary skill" was the skill which a surgeon would, under the circumstances of the case, reasonably use in treating the case, and left the facts to the jury: *Held*, that the failure to give more explicit instructions, in the absence of a prayer to that effect, was not such error as would warrant a new trial.

ACTION for damages for alleged malpractice of defendant (a physician), tried before *MacRae, J.,* at September Term, 1890, of ALAMANCE Superior Court.

There was no exception to the testimony, and no request for specific instructions. The presiding Judge did not repeat the testimony, nor did he recapitulate it further than will appear by the charge, nor was there any request that the Judge should recapitulate the evidence, either before the charge was read to the jury or afterwards. The Court charged as follows:

"This action is brought for the purpose of recovering damages for the alleged negligence or unskillful treatment of the plaintiff by defendant. It is admitted, or proven, that the defendant is a physician and surgeon; that he was called to attend the plaintiff; that he did attend him for some time; that another physician was called in, and then others, and finally they amputated his leg. His contention is that the necessity for this amputation arose by reason of improper and unskillful treatment of him by the defendant, and by the neglect of defendant to attend his patient when it was necessary for him to do so. And the testimony offered by the plaintiff is for the purpose of satisfying you that the defendant did not use ordinary skill—the skill which a surgeon would, under the circumstances of the case, reasonably use in treating the case—and that after undertaking the plaintiff's case he did not visit him as often as he ought to have done, and finally that he abandoned the case, and the result was that while it was a case that ought to have been cured by reasonable attention, yet by reason of the want of skill in ascertaining the cause of the plaintiff's suffering, in the first instance, and by neglect to pay that attention to the case which it required, the necessity for amputation arose.

On the other hand, the testimony offered by the defendant is for the purpose of satisfying you that when he was called in he made careful examination of the parts afflicted and obtained all the information he could from the plaintiff and his wife; that he applied the proper remedies to the parts, and prescribed the proper medicine and treatment; that he

did all that appeared to be reasonably necessary to be done, and gave all proper directions for the nurse, and that, although he was told that he need not come again unless he was sent for, he continued his visits until he deemed it unnecessary to give further personal attention to the patient; that the process of healing was going on favorably; that the trouble seemed originally to arise from a burn, and that he was so informed, and that the affection of the knee arose from necrosis, caused by the vicious state of plaintiff's constitution, and not from any accident to the knee, as described by the plaintiff—something which neither his skill nor attention could have seen or averted while he was attending the case.     Now, the question for you is, whether there was an accidental fall against the door and fracture of the kneepan, whether there was a burn by long exposure to the heat of the stove while the plaintiff was in a drunken condition, or whether there was a disease of the bone, or death of the bone arising from the plaintiff's habits of living, or whether all or either of these causes combined to affect the plaintiff. Did the defendant, when he was called in and took charge of plaintiff's case, use the ordinary skill of a surgeon and physician in managing the case, or did he fail to use reasonable care in the discharge of his duty, or did he neglect to visit the plaintiff as often or as long as he reasonably ought to have done, and was it by reason of such failure to use ordinary skill and neglect to attend to the case, or from other cause, that the necessity for the amputation, if there was a necessity, arose?     The burden of proof is upon the plaintiff.     He must satisfy you, by a preponderance of evidence, of the truth of his charge.     If he has done so, you should respond in the affirmative; if not, in the negative. If you have found that the plaintiff was not injured by the unskillful treatment or negligence of defendant, or if you have not been satisfied of the fact, your response shall be No, and you need not trouble yourself about the second

issue.   But if you respond to the first issue Yes—if you find that the plaintiff was injured by the unskillful treatment or negligence of defendant, you will proceed to ascertain and say what is the amount of his damages.   You may consider his physical suffering, his mental anguish, if there were such suffering and anguish; his actual expense, his present inability to provide for himself and his family, as compared with his ability before his leg was amputated to make these provisions; and you will put these things together and estimate the damage—reasonable compensation for these things, not exemplary damages, or smart money.

Verdict for plaintiff.

Defendant excepted, after verdict, to the charge of his Honor and assigned for error—

1. For that his Honor did not, in charging the jury,. state in a plain and correct manner, or at all, the evidence given in the case and declare and explain the law arising thereon.

2. For that his Honor failed to charge the jury as to what constitutes ordinary skill and ordinary care and diligence on the part of a physician and surgeon, and to state in an orderly manner the contention and evidence of the plaintiff, and the law arising upon the same with respect thereto, and to state in an orderly manner the contention and evidence of the defendant, and the law arising upon the same in respect thereto.

Judgment for plaintiff.   Appeal by defendant.

*Mr. John W. Graham,* for plaintiff.
*Mr. J. A. Long,* for defendant.

CLARK, J.—after stating the case: As to the exception that the Judge did not repeat the testimony nor recapitulate it beyond the summary of it which appears in the charge, the precedents are ample that this is not error, unless the appellant had requested the recital in full of the testimony or of

such parts as he deemed material, and which had been omitted by the Court.   The law is so stated by TAYLOR, C. J., in *State* v. *Morris*, 3 Hawks., 388, and approved by HENDERSON, C. J., and RUFFIN, J., in *State* v. *Lipsey*, 14 N. C., (3 Dev.) 486, where it is again held "the Judge is not bound to charge on all the facts, that being a matter left to his discretion."   In *State* v. *Haney*, 19 N. C., (2 Dev. & Bat.) 390, it is held by GASTON, J., citing *State* v *Lipsey*, that the "Judge is not bound to recapitulate all the evidence to the jury; it is sufficient for him to direct their attention to the principal questions which they have to investigate and to explain the law applicable to the case, and this particularly when he is not called upon by counsel to give a more full charge."   The construction placed by these eminent Judges upon the act of 1796 (now *The Code*, § 413) has been recognized and followed by numerous cases.   The jury being the judges of the facts, the object of the recapitulation is to so place the facts before the jury that the Judge can "declare and explain the law arising thereon," which is his province. When the facts are simple, or the Judge "directs the attention of the jury to the principal questions, they have to investigate," as here, by stating the respective contentions of the parties, the failure to recapitulate the evidence is not error.   If either party wishes fuller instructions, he should ask for them, and if any material evidence is omitted he should call it to the attention of the Court.   To permit a party to ask for a new trial because of an omission of the Judge to recite all the details of prolix testimony, or for an omission to charge in every possible aspect of the case, would tend not so much to make a trial a full and fair determination of the controversy as a contest of ingenuity between counsel.   The proper course is for counsel to ask, before the charge, for instructions on the points of law he deems material, and to direct the attention of the Judge, after hearing the charge, to any omission of important evidence which he

may have made. The appellant should present his views on these matters in apt and proper time and not "speculate upon the verdict." If he is silent when he should speak, he ought not to be heard when he should be silent. It is too late certainly after verdict to raise the objection that the Judge did not charge upon a particular aspect of the case. *Morgan* v. *Lewis*, 95 N. C, 296; *King* v. *Blackwell*, 96 N. C., 322; *Willey* v. *Railroad*, 96 N. C., 408, and cases there cited ; or omitted to recapitulate any part of the evidence, *State* v. *Grady*, 83 N. C , 643, and cases cited; *State* v. *Reynolds*, 87 N. C , 544. Nor do we think the Judge failed to delare and explain the law applicable to the evidence. If it was not as full as the appellant desired, it was his own fault that he did not, in apt time, ask for special instructions. *State* v *Bailey*, 100 N C., 528, and cases there cited .

The second exception embraces the two different grounds, first, because the Court did not charge the jury " as to what constitutes ordinary skill and ordinary care and diligence on the part of a physician and surgeon." The case of *Woodward* v. *Hancock*, 7 Jones, 384, relied on by the appellant, is not in point, because, in the present case, the Judge did not, as in that case, leave it to the jury to determine what was " ordinary skill," but told them it was " the skill which a surgeon would, under the circumstances of the case, reasonably use in treating the case," and left the facts only as to what was done by the physician to the jury.

Besides, the authorities already cited are to the effect that, if fuller instruction on this point could have been given and would have been beneficial to the appellant, it was his duty to have presented his views in the form of a prayer for instructions, embodying the rule of law which he deemed applicable. Failing to do so, he cannot be heard to complain after verdict. *Morgan* v. *Smith*, 77 N. C., 38.

A misinstruction or misdirection in the charge, however, can be specified and excepted to for the first time by appel-

lant when stating his case on appeal.  _The_ v. _Code_, §.412 (3); _Lowe_ v. _Elliott_, 107 N. C., 718.

The latter part of this exception, that the Court " did not state in an. orderly manner the contention and evidence of the defendant and the law arising thereon," we think is without merit  We find nothing in the charge of which the appellant can complain.   We learn from the argument that this exception was based upon what was said in _State_ v. _Boyle_, 104 N. C., 800.   But in that case there was a specific prayer for instruction, which is absent here, and this difference has already been pointed out in _State_ v. _Pritchett_, 106 N. C., 667, and _State_ v. _Brady_, 107 N. C., 822.

Affirmed.