PATTERSON v. STEAMSHIP CO.

(Filed February 27, 1906).

*Steamship Companies—Carriers—Failure to Supply Berths —Damages.*

1. Where the plaintiff testified that he purchased his ticket and was first to apply at the purser's office for a berth, but was refused, though others who applied after him were supplied, and was compelled to sit up all night; that he applied to the defendant for a berth when he bought his ticket, but the defendant refused to supply berths until after the ship had left the dock, *held,* that it was error to nonsuit the plaintiff.

2. A common carrier must serve the public without discrimination and sell its tickets and accommodations in the order of application, and it is liable for an action of damages for a wrongful refusal, and, in addition, for the indignity, vexation and disgrace, if there is any evidence of such.

ACTION by Joseph F. Patterson against Old Dominion Steamship Co., heard by *Judge Henry R. Bryan* and a jury, at the November Term, 1905, of the Superior Court of CRAVEN.

*D. L. Ward* and *W. D. McIver* for the plaintiff.
No counsel for the defendant.

CLARK, C. J. The plaintiff's evidence is that he purchased his ticket and with three friends was first to apply at the purser's office for berths, and requested a state room for the four, containing four berths. Two of his friends were given berths in this room, together with two strangers who applied after the plaintiff. The plaintiff and one of his friends were refused a state-room and berth altogether, and they were compelled to sit up all night. The defendant was applied to by the plaintiff for a berth when he bought his ticket, but the defendant refused to supply state-rooms or berths until after the ship had left the dock and was in mid-stream.

If, as is presumably the case on a steamer running at night, a berth is a reasonable and proper accommodation, the defendant is liable for failure to furnish it, unless the fact that none can be had is made known to the passenger who chooses to ask for a berth when he buys his ticket. The defendant should have had its office for berths open when it sold its tickets. It was its duty to sell tickets to applicants in the order in which they were applied for, without discrimination, till the full number was sold to the passengers whom it could carry comfortably, and the same is true as to the sale of its berths. If its berth and state-room accommodations are exhausted when a ticket is asked for, the intending passenger on learning that fact may defer his trip till another time, or may go by another route rather than sit up all night. It is an imposition upon the travelling public to withhold information as to the lack of a sufficient number of berths till after the passage ticket is paid for, and the passenger has embarked and the vessel is in midstream, so that he cannot help himself. Still worse, if possible, is the refusal then to furnish berths in the order in which they are applied for. A common carrier must serve the public without discrimination and sell its tickets and accommodations in the order of application. 6 Cyc., 535. It is liable for an action of damages for a wrongful refusal, and, in addition, for the indig-

nity, vexation and disgrace if there is any evidence of such. *Railroad v. Renard,* 46 Ind., 293; *State v. Railroad,* 48 N. J. L., 55; *Wallen v. McHenry,* 3 Hump., 244.

Nothing is here said that would militate against the *bona fide* engagement of tickets and berths beforehand, nor against the refusal to sell a ticket or berth to any person who, for a good reason, may be objectionable to the other passengers, but the passenger, if not thus objectionable, should be informed that no berths can be had—all being already sold—when he purchases his ticket, if he then asks for a berth. And if he does not then apply, when applications for berths are made at the purser's window, in regular course after the vessel starts, the berths not already sold or engaged must be disposel of in the order of application. If this were not so, berths could be furnished to the friends of the purser or for a private consideration to him (a tip), as is here testified was the case, to the exclusion of those prior in time, who did not pay the purser, as well as the regular fare. If the supply of berths is exhausted before an applicant is reached, it will be his own fault that he did not apply for his berth and learn whether or not one could be had at the time he bought his ticket.

The plaintiff here testified that he made no objection to the ladies on board being first supplied with berths, but to other men being furnished who applied for berths after he did, one of whom "tipped" the purser.

The answer sets up defenses which we cannot consider as no evidence was offered in their support. Upon the evidence offered, the granting a nonsuit was

Error.