PARDON v. PASCHAL.

(Filed November 7, 1906).

*Ejectment—Abandonment—Deed by Wife Alone—Exception as to No Evidence.*

1. In an action of ejectment, where the plaintiff claimed title under the will of his wife, and the defendant claimed under a deed executed by the wife alone, a charge that "if the plaintiff had permanently abandoned his wife prior to and at the time of the execution of the deed to the defendant, it was a valid conveyance under Revisal, sec. 2117, and the plaintiff would not be entitled to recover," is correct.

2. Where it does not appear in the record that the appellant requested the Court to charge the jury that there was no sufficient evidence of abandonment, or that he handed up any prayer for instructions, he cannot be heard to raise that question by motion to set aside the verdict.

ACTION of ejectment, by Thomas Pardon against Rachel Paschal, heard by *Judge G. S. Ferguson* and a jury, at the June Term, 1906, of the Superior Court of GUILFORD. From a judgment for the defendant, the plaintiff appealed.

*Scott & McLean* for the plaintiff.
*G. S. Bradshaw* for the defendant.

CLARK, C. J.   The plaintiff claims title to the land in controversy under the will of his wife, Sarah Yates Pardon. The defendant claims under a deed executed by the wife alone, 4 January, 1904.   The Court charged the jury that if the plaintiff had permanently abandoned his wife prior to and at the time of the execution of the deed to the defendant, it was a valid conveyance under Revisal, sec. 2117, and the plaintiff would not be entitled to recover.   The charge of the Court is clear and free from error upon this, the only question at issue on the trial, and presents fully the contentions of both parties.

The only exception presented in the brief of the appellant is that there is no sufficient evidence of abandonment, and that the Judge should have so instructed the jury. It nowhere appears in the record that the plaintiff requested the Court so to charge, or that the plaintiff handed up any prayer for instructions to the jury. He cannot be heard, therefore, to raise that question by motion to set aside the verdict. "If he is silent when he should speak, he ought not to be heard when he should be silent." *Boon v. Murphy,* 108 N. C., 192, and cases cited. If it is any satisfaction to the plaintiff to know it, we will state that an examination of the record discloses ample evidence to justify the Court in submitting the matter to the jury.