D. W. BASNIGHT v. NORFOLK AND SOUTHERN RAILROAD COMPANY.

(Filed 18 March, 1908).

**Contract—Evidence—Rights of Passengers—Stateroom—Nonsuit.**

When the evidence discloses that plaintiff purchased from defendant a berth on its steamship, and the suit was brought for damages alleged to have arisen from the wrongful refusal of defendant to furnish a whole stateroom, with two berths in it, which was totally unoccupied, a motion as of nonsuit was properly sustained.

ACTION for damages, tried before *Lyon, J.,* at October Term, 1907, of CRAVEN.

Motion to nonsuit sustained.   Plaintiff appealed.

The facts are stated in the opinion.

*W. D. McIver* and *D. L. Ward* for plaintiff.

*Moore & Dunn* and *Simmons, Ward & Allen* for defendant.

BROWN, J.   The testimony of plaintiff tends to prove that the plaintiff's father bought for himself and plaintiff tickets and presented them to the purser of defendant's steamer, and a stateroom of his own selection, with two berths, was assigned to them.   Later, plaintiff came aboard and insisted that he should have a whole stateroom to himself.   The purser refused to furnish him a whole stateroom, as his ticket only entitled him to a berth.   The plaintiff brought the action for damages for wrongful refusal to furnish a whole stateroom, and was nonsuited.

The principle laid down in *Patterson v. Steamship Co.,* 140 N. C., 413, now invoked by plaintiff, will not help him under the facts of this case.   The defendant contracted with plaintiff to furnish him a berth on its steamer, and made no charge for it other than what was paid for the ticket, and performed its contract.   In *Patterson's case* the passenger, after securing his ticket, was first to apply at the purser's office for his berth, and was refused and had to sit up all night, though others who applied after him were supplied.   In that case defendant failed in its duty and wrongfully discriminated against the passenger.   The defendant was not required to furnish the plaintiff the exclusive use of a stateroom with two berths simply because it had some vacant at the time.   The plaintiff himself testifies that the purser told him that his ticket entitled him to a berth, and that, after each passenger had been supplied with a berth, the plaintiff could have an entire stateroom by paying the usual charge of one dollar for it, which plaintiff refused to do.   This evidence disproves any purpose to discriminate against the plaintiff, and the rule of the steamer would seem to be manifestly fair to all its passengers.

Affirmed.