DAISY A. LONG v. JAMES A. AUSTIN.

(Filed 30 November, 1910.)

1. **Malpractice—Physicians and Surgeons — Examinations — Test— Care.**

   An attending physician and surgeon is not confined to any special test in his examination of his patient to discover whether or not the latter's shoulder joint had been injured by a fall; but in regard to the examination and treatment, he is required to exercise that reasonable skill and care which a prudent member of his profession should use under the circumstances.

2. **Same—Instructions.**

   In plaintiff's action for damages against an attending physician and surgeon for malpractice, in failing to discover an injury to her shoulder blade, received in consequence of a fall, and in his failure to use the proper treatment, a prayer for special instruction is improper which confines the inquiry of the jury to the kinds of test used, leaving out of consideration the degree of care and skill which is required of the physician and surgeon.

3. **Malpractice — Physicians and Surgeons — Examinations—Test— Proficiency.**

   The application alone of the ordinary tests by a surgeon to discover the extent of an injury received by his patient would be an

insufficient defense in an action to recover damages resulting from his failure to ascertain the extent of the injury received. He is required to possess the knowledge and skill ordinarily had among men of his profession, with the understanding of the symptoms disclosed, and the ability to apply the proper remedy.

4. Same—Instructions.

In this action against a surgeon to recover damages for his alleged malpractice, it was correct for the judge to charge the jury upon the evidence "that the defendant owed to the plaintiff that degree of care and skill which is ordinarily practiced and possessed by the average of his profession, and not the highest known to his profession; and where a physician exercises ordinary skill and diligence, he is not liable for a mere mistake of judgment."

APPEAL from *Webb, J.*, at the March Term, 1910, of MECK-LENBURG.

The facts are sufficiently stated in the opinion of the court.

*E. T. Cansler* and *Hugh W. Harris* for plaintiff.
*Osborne, Lucas & Cocke, J. E. Little, Tillett & Guthrie* and *R. E. Austin* for defendant.

WALKER, J. Plaintiff brought this action to recover damages of the defendant, who is a physician and surgeon, for malpractice in the treatment of an injury to her shoulder joint, which she alleges had become dislocated by a fall. The particular allegation, is that the defendant failed, upon examination, to discover the dislocation and to apply such remedies as were necessary to restore her injured shoulder to its normal condition, which could have been done by the exercise of ordinary care and skill. The evidence is somewhat voluminous and it is conflicting upon the main issue as to whether proper care and skill were used under the circumstances. It is not required that we should reproduce it here or even to state the substance of it, as we can deal with the question presented sufficiently without doing so. Issues were submitted to the jury, which, with the answers thereto, are as follows: 1. Was the plaintiff, Daisy A. Long, injured by the negligence or want of skill of the defendant, as alleged in the complaint? Yes. 2. What damage, if any, is the plaintiff entitled to recover? ($1,000.00) One Thousand Dollars.

The principal errors assigned in this Court relate to the refusal of the trial court to give the following instructions requested by the defendant: "1. Even if the jury should find that the plaintiff's arm was dislocated before the February visit, still if the defendant by using such tests as an ordinarily skilful and prudent physician would use, failed to discover such dislocation, they will answer the first issue 'No.' 2. If the jury should find that the defendant used the following tests: laid her right arm across her chest, placing her right hand on her left shoulder and pressing her right elbow against her chest; then placing her right hand on top or back of her head; and measuring both arms from the shoulder to the elbow and comparing the measurements, then the defendant would have used the proper tests, and if these tests failed to disclose the dislocation of the arm, the jury will answer the first issue 'No.' 3. If the jury find from the evidence that the defendant made a mistake or error of judgment only in his treatment of the plaintiff, they will answer the first issue 'No.'" The charge of the court was very full and accurate and stated to the jury with perfect fairness to both parties the law applicable to every view of the case. The first instruction requested by the defendant was substantially given by the court, with such modification as to the degree of care and skill in making the examination by the usual and ordinary tests, as was proper in order to prevent a decision of the case upon fragmentary portions of the evidence and a too narrow view of the law by which the liability of the defendant should be determined. The mere use of approved tests, or those which have been found to be the best for the discovery of a dislocation or fracture or any other abnormal condition of the human body, is not all that is required of a surgeon or physician, in the care and treatment of his patient. He must exercise that reasonable skill, care and proficiency in making the tests and in ascertaining from them the presence of any injury and generally in the treatment of his patient which a member of his profession of ordinary care and prudence should use under the circumstances. He is not bound or confined to any special treatment, but to an ordinarily careful and skilful one. The rule is well stated in *Van Skike v. Potter,* 53 Neb., 28: "The law does not require

of a physician or surgeon absolute accuracy, either in his practice or in his judgment. The law does not hold physicians and surgeons to the standard of infallibility, nor does it require of them the utmost degree of care and skill of which the human mind is capable, but that, while in the practice of their vocation, they shall exercise that degree of knowledge and skill ordinarily possessed by members of their profession." We approved substantially the same principle in *McCracken v. Smathers*, 122 N. C., 800, where it is said: "The degree of care and skill required is that possessed and exercised by the ordinary members of his profession. It need not be the highest skill and knowledge known to the profession, but it must be such as is ordinarily possessed by the average member of the profession. . . . Whether this malpractice, found by the jury, arose from the want of ordinary knowledge or skill, or the want of reasonable care, on the part of the defendant, is immaterial, as both are impliedly guaranteed by one offering his services to the public." When a physician consents to treat a patient, "it becomes his duty to use reasonable care and diligence in the exercise of his skill and the application of his learning to accomplish the purpose for which he was employed. He is under the further obligation to use his best judgment in exercising his skill and applying his knowledge. The law holds him liable for any injury to his patient resulting from want of the requisite knowledge and skill, or the omission to exercise reasonable care, or the failure to use his best judgment." *Pike v. Honsinger,* 155 N. Y., 201. Numerous decisions recognize the rule of law in such cases to be as we have stated it, as will appear by reference to the authorities cited herein.

The court properly refused to adopt the language of the second prayer and to give the instruction as requested. The defendant's application of a test, even the ordinary and usual one, was not, by itself, a full compliance with the duty he owed to his patient. The prayer omits any reference to the care and skill the law requires him as a surgeon to bring to the use of the test and the general treatment of the case. If he made the test and failed in other respects to exercise ordinary care, skill and diligence, he is just as liable for a consequent injury as if

he had not applied the test at all. The prayer is also deficient in not requiring the jury to find what was the proper test, especially as the evidence upon this question was not all one way. A hypothetical question should contain all the facts essential to the expression of an intelligent opinion by the expert and of which there is evidence, and not a partial statement of the facts which could not present the entire matter to the witness so as to enable him to give such an opinion as the law permits to be considered by the jury. The application of the ordinary test would be evidence upon the question as to whether the defendant had exercised the care and skill required of him, but would not be plenary or conclusive proof or be fully determinative of the fact. He may not have applied the test properly or, if he did, he may not have possessed requisite knowledge and skill to understand the symptoms which it disclosed, or to apply the proper remedy. It was for the jury to decide, upon the evidence and under the instruction of the court, whether the defendant possessed the requisite knowledge and skill and had carefully applied them in behalf of his patient. 22 Am. & Eng. Enc. of Law (2 Ed.), p. 802; *Woodward v. Hancock,* 52 N. C., 384; *Boon v. Murphy,* 108 N. C., 187; *McCracken v. Smathers,* 122 N. C., 799; *Pike v. Honsinger, supra; Van Huron v. Berghoff,* 3 S. W., 72. The court correctly instructed the jury as to the use of the test and the measure of the defendant's duty in the general treatment of the plaintiff.

The instruction contained in the last prayer was substantially given by the presiding judge, with proper qualification, for he told the jury "that the defendant owed to the plaintiff that degree of care and skill which is ordinarily practiced and possessed by the average of his profession, and not the highest known to his profession. Where a physician exercises ordinary skill and diligence, he is not liable for a mere mistake of judgment." The instruction, as requested, is faulty in that it leaves out of consideration the material question as to the care and skill required of a physician when treating his patient. *West v. Martin,* 80 Am. Dec., 107; *Jackson v. Burnham,* 39 Pac. Rep., 579. In the last case cited, it is said: "While it is true that physicians are not responsible for the errors of an enlightened

judgment where good judgments may differ, . . . they will be charged with error, or should be, only where such errors could not have arisen except from want of reasonable skill and diligence." The doctrine is thus stated in *Staloch v. Holm*, 111 N. W., 264. "To the ordinary rule that the exercise of defendant's best judgment is no defense in an action for damages caused by his negligence, a general exception is recognized with respect to cases involving matters of opinion and judgment only. A physician entitled to practice his profession, possessing the requisite qualifications, and applying his skill and judgment with due care, is not ordinarily liable for damages consequent upon an honest mistake or an error of judgment in making a diagnosis, in prescribing treatment, or in determining upon an operation, where there is reasonable doubt as to the nature of the physical conditions involved, or as to what should have been done in accordance with recognized authority and current practice." The law does not excuse an error of judgment if it occurs by reason of the surgeon's lack of that knowledge which he should possess in order to qualify him for the practice of his profession, or the failure to exercise the requisite skill and diligence.

A careful examination of the case does not disclose any error in the rulings of the judge upon the law at the trial.

No error.