### STATE v. J. E. CLINE.

(Filed 19 May, 1920.)

**1. Indictment—Rape—Two Offenses—Election—Courts Discretion.**

Where two acts of the defendant are charged against him under an indictment for rape, the matter of the State electing as to one of them is within the sound discretion of the trial judge, and no abuse thereof appears when the two acts are mixed and dependent on each other, and under the attendant circumstances it would be impracticable to confine the prosecutor to one without seemingly destroying a *prima facie* case of guilt.

**2. Rape— Criminal Law— Evidence— Questions for Jury—Nonsuit— Trials.**

*Held,* the evidence in this action of rape is sufficient to be submitted to the jury, but not discussed as a new trial is awarded.

**3. Instructions—Recital of Evidence—Statutes—Appeal and Error.**

As to whether, under the circumstances of this case, the trial judge committed error in not sufficiently stating the evidence in the case to the jury as required by Rev., 535, *Quaere?* Brown, J., writing the principal opinion; Walker and Hoke, J.J., holding the view that a new trial should be granted upon the insufficiency of the evidence to convict of the charge of rape; and Allen, J., and Clark, C. J., dissenting upon the ground that the judge was not in error as to his statement of the evidence to the jury.

WALKER and HOKE, JJ., concurring in part; ALLEN, J., dissenting; CLARK, C. J., concurring in the dissenting opinion.

INDICTMENT for rape, tried before *McElroy, J.,* at September Term, 1919, of FORSYTH.

There was a verdict of guilty, and sentence of death pronounced. Defendant appealed.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*Holton & Holton, Sapp & McKaughan, and Benbow, Hall & Benbow for defendant.*

BROWN, J. The defendant was convicted of the crime of rape committed upon the person of Bessie Conrad, a young girl about 18 years of age, who, if the evidence is to be believed, is a girl of good character and well known to defendant, who lived next door to her parents.

1. The evidence for the State disclosed that two acts of sexual intercourse, alleged to be rape, took place.

The defendant moved that the State be required to elect upon which it would rely for conviction.

The court overruled the motion.

*S. v. Parish,* 104 N. C., 679, is direct authority, it seems to us, sustaining the judge. The matter of election is committed to the sound discretion of the judge. The evidence of the two acts here is so mixed and dependent on each other, with its attending circumstances, that it would not be practicable to confine the prosecutor to one transaction without destroying what seems to be *prima facie* case of guilt against the defendant.

2. At close of the evidence defendant moved to nonsuit the State upon the ground that the evidence is insufficient to be submitted to the consideration of the jury.

The majority of the Court are of opinion that the motion was properly overruled, and that it was the duty of the judge to submit the evidence to the jury for their consideration. We will not discuss it, as there is to be another trial.

The court, in charging the jury, failed to state in a plain and correct manner the evidence given in the case, and in not declaring and explaining the law arising thereon. But, on the contrary, expressly stated: "Much testimony has been offered which I will not attempt to rehearse, as it is your province to remember the evidence, and it is your duty to weigh and believe or disbelieve it, in whole or in part, and if so, what part is respective of the contentions of the State and of the defendant. It is your duty to remember the evidence."

The case on appeal is signed by the judge, and the above exception is stated over his signature, and is duly assigned as error.

We think the exception is well taken.

It does not appear in the record that the learned judge attempted to state the evidence as required by the statute, and it does not appear that it was waived by defendant.   Sec. 535 of the Revisal provides: that in charging the jury, the judge "shall state in a plain and correct manner the evidence given in the case, and declare and explain the law arising thereon."

This statutory requirement, enacted first in 1796 has been regarded as mandatory, and as imposing upon the judge a very important and necessary duty.   The purpose of it is to aid the jury in remembering the evidence, although they are not bound by the judge's version of it, as well as to have the law made intelligible to the jury.

In *S. v. Rogers,* 93 N. C., 523, the Court says:   "It is held as a general rule that an omission on the part of the judge to charge the jury on a certain point is not error unless he is requested to do so. But when the judge, in his charge, fails to state in a precise and correct manner the evidence given in the case, and explain the law arising thereon, as he is required to do so by sec. 413 of the Code, there is error. There are so many decisions in our reports construing this statute and pointing out the duty of the courts under its provisions that we are at a loss to conceive why a judge should fail to comply with its directions."

It is true that the defendant should have asked for specific instructions if he desired the case to be presented to the jury by the court in any particular view, but, as said by *Mr. Justice Walker* in *Simmons v. Davenport,* 140 N. C., 412, this rule "does not of course dispense with the requirement of the statute that the judge shall state in a plain and correct manner the material portions of the evidence given in the case, and explain the law arising thereon."   But we do not mean to imply that the judge is obliged to repeat all the evidence to the jury.   We bear in mind what is said by *Judge Gaston* in *S. v. Haney,* 19 N. C., 390:   "The judge is not bound to recapitulate all the evidence to the jury; it is sufficient for him to direct their attention to the principal questions which they have to investigate, and to explain the law applicable to the case, and this particularly when he is not called upon by counsel to give a more full charge."

This is repeated and approved in *Boon v. Murphy,* 108 N. C., 191.

It is especially important for the benefit of the State as well as for the protection of the defendant that in the trial of capital felonies the requirements of the statute shall be carefully observed.

New trial.

WALKER and HOKE, JJ., concurring in part:   On careful perusal of the record, we are of opinion that the facts in evidence do not disclose

45—179

that degree of force required by the law to constitute the capital offense of rape, and that the trial judge should have so ruled.

Holding this view, we concur in the position that in any event there should be a new trial of the issue.

ALLEN, J., dissenting: A new trial is ordered upon the ground that the judge, before whom the action was tried, failed to recapitulate the evidence, and is based upon 'the following excerpt from the charge: "Much testimony has been offered which I will not attempt to rehearse."

This statement, standing alone, would create the impression that the judge did not state the evidence or the contentions of the parties, but when read in connection with the context it means nothing except that all of the evidence had not been recapitulated. The statement follows four pages of a charge, in which all of the evidence was referred to, and every contention of the parties stated. The charge is unusually clear, full, fair, and accurate, and a failure to further recapitulate the evidence was a favor to the defendant, instead of being injurious to him, because he offered no evidence, and a repetition of the evidence for the State would have been simply to again call the attention of the jury to evidence against him.

It was doubtless for this reason that the defendant did not ask for further instructions, and I need not go further than the cases cited in the opinion to show that it has been the uniform ruling of this Court that an objection to a failure to recapitulate evidence will not be considered, when made after verdict, and when there has been no request for further instruction, as in this case.

In *Simmons v. Davenport*, 140 N. C., 412, the next sentences after the one quoted in the opinion is as follows: "But a party cannot ordinarily avail himself of any failure to charge in a particular way, and certainly not of the omission to give any special instruction, unless he has called the attention of the court to the matter by a proper prayer for instructions. So if a party would have the evidence recapitulated, or any phase of the case arising thereon, presented in the charge, a special instruction should be requested." And in *S. v. Haney* (19 N. C., 390), the second exception was "Because the judge recited the testimony for the prosecution, and did not recite that for the defense"; and a new trial was denied although the Court states that "it appears from the judge's charge, which is spread upon the record, that his Honor did not undertake to recapitulate the evidence to the jury, but only to direct their attention to the important questions which they were called upon to investigate; and to explain to them the law applicable to the case." The *Davenport* case goes further and says: "In *Boon v. Murphy* the respective duties of the judge and counsel under the act of 1796 (Rev., 535) are clearly and fully defined, and it is now commended as a safe guide in practice."

When we turn to *Boon v. Murphy* (108 N. C., 191), we find it was held in that case that, "When the facts are simple, or the judge 'directs the attention of the jury to the principal questions they have to investigate,' as here, by stating the respective contentions of the parties, the failure to recapitulate the evidence is not error."

This last case, which is commended as "a safe guide" in the *Davenport case,* is of special importance, as it declares that failure to recapitulate the evidence is not error when the respective contentions of the parties are stated, and it will not be contended this was not done in this case.

Many other authorities could be cited to the same effect, but these are, I think, sufficient to show that a new trial ought not to be granted because of failure to recapitulate the evidence, when the defendant has made no request for further instructions.

If we had the right to weigh the evidence, I would be strongly inclined to join *Walker* and *Hoke, JJ.,* in setting aside the verdict, because there is much evidence to discredit the prosecutrix, but we have no such power, and she testified as to the first act of intercourse: "I pushed him—tried to push him back, but could not. I tried to push him back, but could do nothing with him." And as to the second, "He asked me to lay down, and I told him I would not do it, and he picked me up and throwed me down, and tore my underclothes off."

If true, this is rape, and the jury alone has the right to decide the question.

What was said in *Harris v. Turner, ante,* 322, and quoted by *Walker, J.,* in *Forester v. Betts, ante,* 608 and 681, in my judgment covers the whole case. "The Court said: "Jurors are not bound to accept as true all the testimony offered by the plaintiff or the defendant, but can accept a part and reject the remainder, being the sole judges of the testimony, and what it tends to prove, including the credibility of witnesses.

"If a party desired fuller or more specific instructions than those given by the court, he must ask for them, and not wait until the verdict has gone against him, and then for the first time complain that an error was committed."

CLARK, C. J., concurs in the opinion of ALLEN, J.