BENJAMIN REYNOLDS, Plaintiff in Error,

*vs.*

SAMUEL H. GRAVES, Defendant in Error.

ERROR TO THE RACINE CIRCUIT COURT.

Where one holds himself out to the public as a physician and surgeon, the law implies a promise and duty on his part, that he will use reasonable skill and diligence in the treatment, and for the cure of those who may employ him.

When the declaration alleged that whereas, the defendant who, holding himself out as a physician and surgeon, was "retained and employed by the plaintiff to set, dress, take care of, manage and cure a certain broken thigh bone," &c. "and in consideration of the promises and certain large sums of money," &c· "as such physician and surgeon undertook and promised to set, dress, take care of and manage as such physician and surgeon said broken bone, in a proper, prudent and skilful manner." *Held*, that this is not a special undertaking or promise to *cure* the plaintiff, but only such as the law implies, viz: to use reasonable professional skill and attention to that end.

This was an action brought by the plaintiff in error against the defendant in error, in an action on the case, for mal-practice as a physician and surgeon. The declaration contained two counts ; first, for that whereas before and at the time of the committing of the grievances by the said defendant hereinafter mentioned, the said plaintiff had at the special instance and request of the said defendant retained, and employed the said defendant as a surgeon and physician, he the said defendant, then and there holding himself out and claiming to be such surgeon and physician, to set, dress, take care of, manage and cure a certain broken bone of the thigh of the said plaintiff then lately broken, and the said defendant then and there accepted and entered upon the said employment and business, to-wit : At the town of Mount

Pleasant, and county of Racine. And thereupon it then and there became, and was the duty of the said defendant to set, dress, take care of, and manage, the said broken bone as such surgeon and physician with due and proper care, skill and diligence; and the said defendant in consideration thereof and of certain large sums of money then and there agreed to be paid to him by said plaintiff as a compensation for his services as such physician and surgeon, then and there undertook and promised to set, dress, take care of, and manage as such physician and surgeon said broken bone in a proper prudent and skilful manner. Yet the said defendant not regarding such his duty or his said promise, profession and employment, but contriving and intending to injure the said plaintiff in this behalf, did not, nor would set, dress, take care of and manage the said broken bone with due and proper care, skill and diligence, and on the contrary thereof, set, dressed, took care of and managed said broken bone in such a careless, unskilful, negligent, undue and improper manner, with such want of due and proper care, skill, attention and diligence in that behalf, that the said bone afterwards, to-wit: on the first day of February, 1850, the same became crooked, weak, shortened, useless and the said thigh and said leg of the plaintiff became crooked &c. whereby the said plaintiff is thereby made a cripple for life, &c.

The second count is like the first, except that after stating the retainer of the defendant as before, and the duty of the said defendant in that behalf, alleges that the said defendant then and there, in consideration &c. of certain large sums of money &c., as a compensation for his services as such physician and

surgeon "undertook and promised to set, dress, manage, attend upon and *cure* the said broken thigh bone in a proper, prudent and skilful manner."

The defendant pleaded the general issue. The cause was brought on for a trial at the October term 1853 of the Racine Circuit Court, before a jury, upon the issue so joined. The plaintiff proved the injury to the plaintiff, to-wit : the breaking of a bone by an accident, the employment of the defendant as a physician and surgeon, the dressing of the limb by him, the application of sundry apparatuses, consisting of splints, bandages, double inclined plane, &c. There was also evidence tending to show that the defendant was a practicing physician and surgeon, that he attended several weeks upon the plaintiff, was called "doctor," and consulted with other physicians upon the same case, and that he had difficulty with one of the medical witnesses in regard to medical ethics.

The plaintiff also proved that the limb was shortened and crooked ; and that the precise place of the fracture was not discovered until after defendant had attended several weeks upon plaintiff, and other physicians had been called. There was also other evidence tending to show a want of due skill or diligence, or both, on the part of the defendant, in the treatment of the case.

After the plaintiff had closed his evidence, the counsel for the defendant moved the court to nonsuit the plaintiff on the following grounds :

1st. Because the several counts of the declaration set out a special agreement on the part of the defendant to *cure* the plaintiff's limb, when no such agreement was proved.

2d. Because there was no evidence that the defendant was a physician and surgeon.

3d. The proof does not sustain the declaration and the allegations in the declaration must be proved as alleged.

4th. The contract cited in each count of the declaration, is a special contract and not such an one as the law implies or creates, and the contract must be proved as recited and alleged.

The court below was of the opinion that both counts of the declaration recited a special agreement to *cure* the plaintiff, and that the agreement implied by law, from the defendant's accepting the employment and entering upon the business of setting and dressing the plaintiff's limb, and attending upon him was not sufficient to support the declaration; and further, that there was no evidence to show that the defendant was a surgeon and physician, or that he held himself out as such : to which the plaintiff excepted. The plaintiff asked leave then to amend his declaration, by striking out the words "and cure,' upon terms, which the court refused. And further, the plaintiff desired permission then and there to call a witness to prove the profession of the defendant to be that of a surgeon and physician, and that he held himself out as such ; all of which the court refused, and non-suited the plaintiff. To which the plaintiff excepted.

J. W. Cary, for the plaintiff in error.

H. T. Sanders, for the defendant in error.

*By the Court*, SMITH, J. The declaration in this case contains two counts. The first count, after stat-

ing the retainer and employment of the defendant,
as physician and surgeon, (he the said defendant hold-
ing himself out and claiming to be such physician and
surgeon,) "to set, dress, take care of, manage and
cure a certain broken bone of the thigh of the said
plaintiff," alleges, "and thereupon it then and there
became the duty of the said defendant, to set, dress,
take care of, and manage the said broken bone as
such physician and surgeon, with due and proper
care, skill and diligence, and the said defendant in
consideration thereof, and of certain large sums of
money then and there agreed to be paid to him by
the said plaintiff as a compensation for his services as
such physician and surgeon, then and there under-
took and promised to set, dress, take care of, and
manage as such physician and surgeon, said broken
bone in a proper, prudent and skilful manner," &c.

The second count, sets out the undertaking of the
plaintiff, as being "*to set, dress, manage, attend upon,
and cure* a certain broken bone in a proper and skill-
ful manner" &c.

After evidence had been submitted on the part of
the plaintiff, the counsel for the defendant moved the
court to nonsuit the plaintiff, on the ground :

1st. Because the several counts in the declaration
set out a special agreement on the part of the defend-
ant to *cure* the plaintiff's limb, and no such agree-
ment was proved ;

2nd. Because there was no evidence that the de-
fendant was a physician and surgeon ;

3d. Because the contract recited in each count is a
special contract, and not such an one as the law im-
plies or creates, and the contract must be proved as
recited or alleged ; and

June Term 1854.

Reynolds vs. Graves.

4th. The allegation that the defendant held himself out as a physician and surgeon &c., is a material allegation, and is not proved as recited and alleged.

The circuit judge held, that both counts in the declaration, alleged a special agreement on the part of the defendant to " *cure*" the plaintiff's broken bone, and as no such special contract was proved, nonsuited the plaintiff.

We are of the opinion that the first count in the declaration does not set out a special contract to *cure* the plaintiff's broken bone. It alleges that the defendant held himself out as a physician and surgeon, and as such he was employed and retained, to set, dress, take care of, manage and cure, &c., and in consideration of the premises and certain large sums of money &c., as such physician and surgeon, undertook and promised, " to set, dress, take care of and manage, as such physician and surgeon, said broken bone in a proper, prudent and skillful manner." The gist of the undertaking here is, not to cure the plaintiff, but to use reasonable professional skill and attention to that end. This count certainly does not set out any special agreement to cure. It is true that by way of inducement it is stated, that he was employed and retained for that purpose, as most likely he or any other professional surgeon would have been. That was the end in view. But when the undertaking and promise of the surgeon is stated, the word cure is left out, and the extent of his obligation as averred is to " set, dress, take care of, and manage as such physician and surgeon, said broken bone in a proper, prudent and skillful manner." To this extent the law would hold him liable in consequence of his holding himself out as a physician and surgeon.

We do not think therefore that this count does set out a special contract to cure the plaintiff, but only a contract, such as the law implies, to use due and reasonable skill and diligence to that end.

The proof offered and adduced under this count, that the defendant did hold himself out as such physician and surgeon was sufficient to go to the jury. He was called as such in the first instance. He attended and consulted with Dr. Vilas. He was called doctor during his attendance. He attended as surgeon seven weeks, assuming the whole direction and treatment of the injured limb, and went into consultation thereupon with other physicians and surgeons. These facts, though not perhaps direct proof of his holding himself out as a physician and surgeon, are sufficient to go to the jury as circumstantial evidence, and the court below erred in withholding them from the jury.

The second count is more analogous to the case cited from 7 *Ohio Rep.* 463, and did that count stand alone we might be inclined to hold as did the court in that instance. There the declaration stated an absolute *undertaking and promise* on the part of the defendant to *cure* the plaintiff. Such certainly is not the undertaking which the law implies in such cases ; but only that reasonable skill, judgment and diligence shall be bestowed, for the accomplishment of the end in view. Whenever the contract is laid more comprehensive than that which the law implies, it then becomes special and must be proved as laid. But the undertaking of the defendant as alleged in the first count is no more nor less than the law implies in similar cases. The jury might or not have found, from the circumstances proved, that the defendant

did hold himself out as a physician and surgeon, and as such undertook and promised as alleged in the declaration. But the proof tended that way, and was proper to go to the jury. For these reasons we think the court below erred in non-suiting the plaintiff, and the case must go back for a new trial.

Judgment reversed and new trial awarded.