MAGGIE McCRACKEN, by her next friend, v. H. A. SMATHERS.

*Action for Damages—Malpractice—Negligence — Con-
tributory Negligence—Trial—Instructions.*

1. Where no requests for instruction are made by counsel as to the
   application of the law to the testimony bearing upon an
   issue involving negligence or contributory negligence, it is
   not only the province but the duty of the trial judge to
   give the general definition of ordinary care.

2. The test of what constitutes ordinary care being what is com-
   monly called, " the rule of the prudent man," a trial judge
   will be deemed to have declared and explained the law in the

trial of a case involving the issue of contributory negligence, when he has submitted that rule to the jury for their guidance.

3. In an action against a dentist for malpractice, whereby plaintiff was injured, the defendant set up as a defense the contributory negligence of the plaintiff. On the trial the plaintiff made no request for special instruction as to what constituted contributory negligence ; *Held*, that an instruction that, if plaintiff was guilty of contributory negligence which was the proximate cause of her injury, she could not recover, was erroneous without an accompanying explanation as to what constituted contributory negligence.

CIVIL ACTION, for damages for malpractice in dentistry, tried before *Bryan, J.*, and a jury, at Fall Term, 1896, of HAYWOOD Superior Court. The essential facts and the principal assignment of error by the plaintiff, who appealed from the judgment rendered on verdict for the defendant, are stated in the opinion of Associate Justice AVERY.

*Messrs. Smathers & Crawford*, for plaintiff (appellant).
*Messrs. Ferguson & Ferguson*, for defendant.

AVERY, J.: The plaintiff brought the action against the defendant, who is a dentist, for malpractice in the treatment of a tooth. The defendant set up contributory negligence as a defense. The court instructed the jury that, if they should find from the evidence the plaintiff was guilty of contributory negligence, and such negligence was the proximate cause of her injury, she could not recover. The plaintiff assigned as error that the court improperly instructed the jury upon the question of contributory negligence.

It is not the duty of the judge, of his own motion or without special request, to instruct the jury upon every possible aspect of the evidence or as to every conceivable

deduction of fact which may be drawn from it. *Russell v. Railroad*, 118 N. C., 1098. In response to prayers for instruction, the trial judge is required to tell the jury whether in any given phase of contradictory evidence, or upon the deduction by them from the testimony of any inference that they may fairly draw from it, either of the parties would be culpable. But, even where such special instruction is asked and given, the trial judge must upon request properly made, and may of his own motion, lay down the rule of the prudent man as the test of culpability on the part of either party who may be charged with carelessness. Where no requests for instruction are made by counsel as to the application of the law to the testimony bearing upon an issue involving negligence or contributory negligence, it is not simply the province but it is the duty of the court to give the general definition of ordinary care. The testimony as to the conduct of the plaintiff was somewhat conflicting. In applying the law, the jury should have been told in substance that their response to the second issue depended upon the question whether the plaintiff exercised ordinary care, or such care as a prudent person similarly suited would have shown in looking to her own protection, and if the injury she sustained was due to her own want of care as the concurrent or proximate cause intervening after the negligence of the defendant, they should respond to the second issue ' Yes,' otherwise ' No.' *Pickett v. Railroad*, 117 N. C., 616. To make the rule comprehensible to the jury, the converse of the last proposition might also have been submitted in the same connection. Where a trial judge undertakes to enlighten the jury upon the testimony offered to prove a defendant guilty of assault and battery, in the absence of special requests, he meets the requirements of law and prevents his charge from becoming liable to exception, where he defines the

offence and leaves the jury to determine whether the testimony brings the conduct of a defendant within the meaning of the definition. But if he simply tells the jury that the defendant is charged with assault and battery and it is their province to determine from the evidence whether he is guilty, the charge is clearly subject to exception. The rule laid down in *Hinshaw* v. *Railroad*, 118 N. C., 1047, and *Russell* v. *Railroad, supra*, is to a certain extent that applicable to all trials by jury.

The judge is required by statute (*Code*, Sec. 413) to " state in a plain and concise manner the evidence given in the case " and to " declare and explain the law arising thereon." In the absence of a request for special instructions, he may in submitting an issue involving a want of care declare and explain the law applicable to particular phases of the testimony, just as he may apply the law of homicide to given aspects of the evidence, where the issue is guilty or not guilty of murder. But in the one case he *must* at least define want of ordinary care, as in the other he *must* define the offence, if he would avoid subjecting his charge to liability to exception made in apt time, as in the case at bar. *State* v. *Thomas*, 118 N. C., 1113.

When this Court in *Hinshaw* v. *Railroad, supra*, overruled *Emry* v. *Railroad*, 109 N. C., 589, and modified the broad rule laid down in *State* v. *Boyle*, 104 N. C., 800, in a series of adjudications that followed it, it was not intended that the jury should be left to grope in utter darkness, unless counsel were sufficiently diligent to draw fire from the court by prayers for instruction. The test of what constitutes ordinary care is what is commonly called the rule of the prudent man, hence a judge is deemed to have declared and explained the law when he has submitted that rule as a touch-stone. *Russell* v. *Railroad, supra*.

Where an issue involves both questions of law and fact,

as did that to which the instruction was addressed, it is the duty of the court to enlighten the jury by stating at least the general proposition or definition which it is essential they should understand in order to apply the law to the facts and reach an intelligent conclusion. Contributory negligence is the want of ordinary care on the part of a complainant, and the general definition of ordinary care, whether applied to a complainant or a respondent, is the degree of diligence which a prudent person would exercise under circumstances similar to those surrounding the person in question. The court was not justified in assuming that the jury knew what contributory negligence was, and it was therefore error to tell them to determine from the evidence whether the plaintiff had been guilty of an omission of duty, the nature of which they were not presumed to understand. The judge is required to submit at least the abstract proposition or definition, when it is necessary that the jury should know what it is in order to fit the law to the facts in passing upon an issue involving mixed questions of law and fact. Whether he will go further and present the law applicable to varying aspects of the facts, is, in the absence of requests for instruction, addressed solely to his discretion. For the reasons given the plaintiff is entitled to a new trial.

New Trial.