MAGGIE McCRACKEN v. HENRY A. SMATHERS.

(Decided March 15, 1898.)

*Action for Damages — Dentist — Malpractice—Professional Skill—Negligence—Contributory Negligence—Trial—Instructions—Damages.*

1. Where, in the trial of an action against a dentist for damages for injuries resulting from malpractice, the defendant asked a witness whether, if the patient, after receiving treatment, should be directed to return in a week, and should fail to do so, it would be the duty of the dentist to seek the patient; *Held,* that the questions were properly excluded as being too general and not pertinent to any material issue in the case.

2. If error is committed in excluding questions propounded to a witness on a trial, it may be cured by subsequently giving an instruction prayed for by the party asking the questions and relating to the matters covered by them.

3. In the trial of an action against a dentist for malpractice, an instruction that "if the defendant did not, at the time of treating the plaintiff, possess the learning and skill ordinarily possessed by members of the dental profession, and, by improper treatment, the plaintiff was injured, the defendant would be liable for the damage sustained," was not erroneous.

4. The degree of learning and skill which a physician and surgeon holds himself out to possess, and which he will be held to apply in his profession, is that degree which is ordinarily possessed by the profession as it exists at the time of his practice, and not as it may have existed at some time in the past.

5. On the trial of an action against a dentist for malpractice, an instruction that, if the defendant did possess the learning and skill which ordinarily characterize his profession, and failed to exercise it in serving the plaintiff, and plaintiff was thereby injured, the defendant would be liable for the injuries sustained, was not erroneous.

6. A jury in fixing the damages in the trial of an action for injuries resulting from the malpractice of a dentist, may take into consideration the injury to the plaintiff, such as the pain suffered by the plaintiff, loss of time, loss of teeth and increased delay in effecting a cure, and the probability of permanent injury necessarily consequent upon the injury sustained by the maltreatment.

7. The care and skill required of a dentist, while not necessarily the highest known to his profession, cannot be limited to such as is exercised by dentists in his neighborhood, but must be such as is ordinarily possessed and practiced by the average of his profession.

8. Where the liability of a dentist for malpractice is established, the fact that the patient, after such malpractice, disobeyed the orders of the dentist, and so aggravated the injury, does not discharge the latter's liability.

CIVIL ACTION tried before *Norwood, J.*, and a jury at Fall Term, 1897, of HAYWOOD Superior Court. The facts appear in the opinion and in the report of a former appeal in the same case contained in 119 N. C. R., 617. The "fifth" prayer for instruction referred to in the opinion, as having been given on the trial, was as follows :

"5th. If the plaintiff went to the defendant to treat her teeth, and he gave her proper treatment according to his best judgment, and gave her proper directions, he was not required to hunt her up or write and inform her father of her condition, and if she neglected to return for treatment as directed, and on account of her neglecting to have her tooth treated, the abscess developed and became chronic, and necrosis of the bone ensued, it is the fault of the plaintiff, and she cannot recover of the defendant for any injury she may have suffered."

The jury returned a verdict awarding the plaintiff $500 as damages, and from the judgment thereon the defendant appealed.

*Messrs. Smathers & Crawford* for plaintiff.

*Messrs. Ferguson & Ferguson* for defendant (appellant.)

McCracken v. Smathers.

Douglas, J.: This case was before this Court at September term, 1896, the opinion being in 119 N. C., 617. The defendant asked the witness: "If the patient, after receiving treatment, should be directed to return in a week, and should fail to do so, is it regarded by the profession as the duty of the dentist to seek the patient?" and "At what time does the relation of physician and patient cease?"; the plaintiff objecting, and the objection being sustained by the court, the defendant excepted. The court charged the jury in response to prayers of plaintiff:

"1. That if defendant did not, at the time of treating the plaintiff, possess the learning and skill ordinarily possessed by members of the dental profession, and by improper treatment the plaintiff was injured, the defendant would be liable for such damage as the plaintiff sustained by reason thereof; and the jury should answer the first issue "yes." Defendant excepted.

2. The degree of learning and skill which the physician and surgeon holds himself out to possess is that degree which is ordinarily possessed by the profession, as it exists at the time or contemporaneous with himself and not as it may have existed at some time in the past; and the physician and surgeon must in general be held to apply in his practice what is thus settled in his profession. Defendant excepted.

3. That if the defendant did possess the learning and skill which ordinarily characterize his profession, and failed to exercise it in this case, and the plaintiff was injured in consequence thereof, the defendant would be liable to such damages as the plaintiff sustained. (This was given with further explanation as to contributory negligence), and the defendant excepted.

122—51

7. That the jury, in fixing the damage, may take into consideration the injury the plaintiff sustained by the unskillful treatment of the case; of such would be the pain, loss of time, suffering, loss of teeth and increased delay in effecting a cure, and probability of permanent injury, necessarily consequent upon the injury sustained by the maltreatment. This was given and the defendant excepted."

The defendant asked six special instructions, four of which were given in full, and the sixth given with slight modification. The third and sixth prayers are as follows: "3rd. The care and skill required of the defendant is not the highest degree of knowledge and skill known to the profession, but such as is possessed by men of his profession *in the neighborhood.*" "6th. The defendant is responsible to the plaintiff only for ordinary care and skill and the exercise of his best judgment, not for the want of the highest degree of skill; it was the duty of the plaintiff to co-operate with the defendant and to conform to his advice, and if he advised her to return, upon the tooth's giving her trouble, and she did not return, either from want of inclination, because her father was busy with the horses, or on account of sickness, it was her own neglect, and she cannot recover of defendant for her own neglect," to which the Court added, "provided the defendant used ordinary skill and his best judgment."

The Court refused the third instruction, and gave the sixth with the modification above set forth, to-wit : "Provided the defendant used ordinary skill and his best judgment." To the modification of the sixth instruction, the defendant excepted.

The Court instructed the jury on negligence generally, to the charge as given, and defendant excepted.

Referring to the 2nd and 1st exceptions, we think that under the circumstances of this case the questions objected to were properly excluded as being too general and not pertinent to any material issue. If there were error in excluding them, it was fully cured by the 5th prayer of the defendant, given in full by the Court. Nor do we see any error either in the instructions given or the refusal of prayers.

The plaintiff alleged two distinct acts of malpractice, one in originally filling the tooth upon a live nerve without proper packing, and the other in improperly and unnecessarily boring through the jawbone after the plaintiff had returned for treatment. Whether this malpractice, found by the jury, arose from the want of ordinary knowledge or skill, or the want of reasonable care, on the part of the defendant is immaterial, as both are impliedly guaranteed by one offering his services to the public. The degree of care and skill required is that possessed and exercised by the ordinary members of his profession. It need not be the highest skill and knowledge known to the profession, but it must be such as is ordinarily possessed by the average of the profession. It cannot be measured simply by the profession in *the neighborhood*, as this standard of measurement would be entirely too variable and uncertain. "Neighborhood" might be construed into a very limited area, and is generally so understood among our people. It might contain but few dentists, in sparsely settled sections perhaps only one or two. Both might be men of very inferior qualifications, and to say that they might set themselves up as the standard of a learned profession, and prove the standing of each by the ability of the other, would be equally unjust to the profession and to its patients. The words "the neigh-

borhood" as used in the prayer are essentially different from the phrases "the same *general* neighborhood" or "the same general locality," which are found in some decisions from other States.   In the well considered case of *Gramm* v. *Boener*, 56 Ind., 497, 501, the Court says: "It seems to us that physicians or surgeons practicing in small towns, or rural or sparsely populated districts, are bound to possess and exercise at least the average degree of skill possessed and exercised by the profession in such localities generally.   It will *not* do, as we think, to say that if a surgeon or physician has exercised such a degree of skill as is ordinarily exercised in the *particular* locality in which he practices, it will be sufficient."

The third prayer of the defendant was therefore properly refused; nor should his sixth prayer have been given without modification.   The Court was asked to charge in substance that if the plaintiff had failed to return, no matter from what cause, when the tooth began to give trouble, she would be guilty of contributory negligence and could not recover, no matter how great the fault of the defendant.   We think that the charge of the Court, especially in the 5th prayer given, presented the question of contributory negligence in a view sufficiently favorable to the defendant, and the finding of the jury that the plaintiff was not guilty of contributory negligence settles that question.   In any event the alleged negligence of the plaintiff in not returning within a proper time could not have contributed to the second act of malpractice in improperly boring into her jaw bone; nor did it cause the first act of malpractice, but at best could only have aggravated its effects.   We think the jury were sufficiently instructed that the defendant would not be liable if he had exercised ordinary skill and care, and that if he failed in either of these

particulars he would be responsible for the damages resulting from his own acts alone. In *Du Bois* v. *Decker*, 130 N. Y., 325, it was held that "When a liability for negligence or malpractice is established, proof that the patient, after the liability was incurred, disobeyed the orders of the physician and so aggravated the injury, does not discharge the liability; but simply goes in mitigation of damages."

The rule as to ordinary or reasonable skill and care is alluded to in *Woodward* v. *Hancock*, 52 N. C., 384, and in *Boon* v. *Murphy*, 108 N. C., 187; but is not fully discussed. We think that the rule as herein laid down is fully in accord with those decisions, and is sustained by the weight of authority in other jurisdictions. Where a different rule is followed, it is almost invariably of a more stringent nature. Shearman & Redfield on Negligence, Section 431, 443; *Smothers* v. *Hanks*, 34 Iowa, 286; *Tefft* v. *Wilcox*, 6 Kansas, 46; Elwell on Malpractice, 31, 53; *Howard* v. *Grover*, 28 Me., 97; *Simonds* v. *Henry*, 39 Id., 155; *Patten* v. *Miggin*, 51 Id. 595; *Lawdon* v. *Humphrey*, 9 Conn., 209: *Reynolds* v. *Graves*, 3 Wis. 416; *Gallagher* v. *Thompson*, Wright (Ohio) 466; *Bowman* v. *Woods*, 4 G. Greene, 441; *Leighton* v. *Sergeant*, 7 Foster, 460; *Wilmot* v. *Howard*, 39 Vt. 447; *Small* v. *Howard*, 128 Mass. 131; *Carpenter* v. *Blake*, 17 N. G. S. C. 358; *McCandless* v. *McWha*, 22 Penn. St., 261; McClelland C. Malp., 18, 32.

The last exception, where neither the obnoxious instructions are given nor the errors pointed out, cannot be considered, being essentially broadside. No error appearing, the judgment is affirmed.

Affirmed.