### JOHN C. CROOKS v. DR. J. F. JONAS.

(Filed 10 May, 1933.)

APPEAL by plaintiff from *Sinclair, J.,* at September Term, 1932, of BURKE. Affirmed.

This is an action to recover damages sustained by plaintiff and resulting from the illness and death of his wife, caused, as alleged in the complaint, by the negligence of the defendant, a physician, who attended her, at the request of the plaintiff, at and subsequent to the birth of a child.

From judgment dismissing the action, as of nonsuit, at the close of the evidence, the plaintiff appealed to the Supreme Court.

CONNOR *v.* ROBINSON.

*George W. Phillips and Edward H. McMahan for plaintiff.*
*J. Laurence Jones, Mull & Patton, S. J. Ervin, W. T. Morgan and*
*S. J. Ervin, Jr., for defendant.*

PER CURIAM. Plaintiff's wife, Ethel Crooks, gave birth to a child at his home in Burke County, North Carolina, about nine miles from the town of Marion, N. C., on 20 November, 1930. On 30 November, 1930, she was removed by the plaintiff from his home to a hospital in the town of Morganton, N. C., for medical treatment. She died at the hospital on 8 December, 1930. Her death was caused by an infection following the birth of her child, resulting in a high fever, which was first observed on 29 November, 1930. The defendant, a physician, residing at Marion, at the request of the plaintiff, attended her during her confinement, and visited her, professionally, on or about 29 November, 1930, when he was informed by plaintiff that he had procured another physician to care for his wife. The plaintiff sustained damages resulting from the illness and death of his wife.

It is alleged in the complaint that the defendant was negligent (1) in that he failed to exercise proper care of plaintiff's wife during her confinement; and (2) in that he failed to visit her after her confinement, and to give her proper treatment to prevent infection; and that such negligence was the proximate cause of the damages sustained by the plaintiff.

The facts alleged in the complaint are sufficient to constitute a cause of action (*Bailey v. Long,* 172 N. C., 661, 90 S. E., 809), but in the absence of evidence at the trial tending to sustain these allegations, there was no error in the judgment dismissing the action. *Smith v. McClung,* 201 N. C., 648, 161 S. E., 91; *Smith v. Wharton,* 199 N. C., 246, 154 S. E., 12. For that reason, the judgment is

Affirmed.