SAM GRAY, ADMR., v. RAEFORD WEINSTEIN.

(Filed 21 May, 1947.)

**1. Physicians and Surgeons § 16—**

A physician may be held liable for injury resulting either from his failure to use reasonable care and diligence in the practice of his art or his failure to exercise his best judgment in the treatment of the case.

**2. Physicians and Surgeons § 20—Facts disclosed by evidence held to raise issue of whether defendant used due care and diligence without proof that treatment was improper or not approved practice in general use.**

Evidence that a two-and-one-half-year-old child ate about a dozen aspirin tablets, that his parents immediately took him to defendant's clinic, arriving there about 10:00 p.m., that defendant's nurse phoned him advising him of the situation and that the nurse told the parents the physician said he would come down immediately, which assurance was repeated shortly

after midnight, that the doctor did not arrive until 9:00 a.m. the next morning, that upon his arrival he took the child out of the room saying that he was going to pump out the child's stomach, that he returned in about ten minutes bringing the child back and left the room, and that the child's face looked bloated, he was gasping for breath, and blood was running from the corners of his mouth, and that he died about twenty minutes later from the effects of the aspirin tablets, *is held* sufficient to be submitted to the jury upon the question as to whether the defendant exercised due care and diligence in the treatment of the child under the circumstances.

APPEAL by plaintiff from *Nimocks, J.,* at February-March Term, 1947, of ROBESON.

Civil action to recover damages for alleged malpractice.

The defendant is a physician at Fairmont, N. C., where he operates a hospital known as Weinstein's Clinic.

On the afternoon of 5 October, 1945, Kelly Gray, an infant two and one-half years old, got hold of a bottle of aspirin tablets and ate about a dozen of them. Several hours thereafter, he became quite sick and began vomiting. His parents immediately carried him to the Weinstein Clinic, arriving there about 10:00 p.m. A nurse was on duty. She said: "I will take the child in and call the doctor." She called the defendant and acquainted him with the situation. Following his instructions, the nurse gave the child an enema and put him to bed. She told the parents the doctor said he would come right on down. The same assurance was repeated a little after midnight. The parents remained at the hospital throughout the night. The doctor did not arrive until 9 o'clock the next morning.

By 7 o'clock, approximately two hours before the doctor arrived, the child stopped crying, seemed to be out of pain, got off the bed, moved about unassisted, and took a drink of water.

The defendant, upon his arrival, came to the room where the child was, picked him up from the bed, carried him out, and said he was going to pump out his stomach. While out with the doctor, the child's screams could be heard all over the clinic. In about ten minutes the defendant brought the child back, laid him on the bed, and left the room. The child's face looked bloated, he was gasping for breath, and blood was running from the corners of his mouth. He died in about twenty minutes. Immediately thereafter the defendant came into the room, bent over the child's body, and, turning away, remarked: "Poor little fellow, he couldn't take it."

The plaintiff offered from the defendant's answer the allegation "that the said child died from the effects of the aspirin tablets."

From judgment of nonsuit, entered at the close of plaintiff's evidence, he appeals, assigning error.

*McKinnon & Seawell and McLean & Stacy for plaintiff, appellant.*

*F. Wayland Floyd and Varser, McIntyre & Henry for defendant, appellee.*

STACY, C. J.   The question for decision is whether the evidence suffices to carry the case to the jury.   We think so.   *Love v. Zimmerman,* 226 N. C., 389, 38 S. E. (2d), 220.

It is true there is no allegation of incompetency on the part of the defendant to practice his profession.   It is alleged, however, that in the plaintiff's case (1) the defendant omitted to use reasonable care and diligence in the practice of his art, and (2) that he failed to exercise his best judgment in the treatment of the case.   Either allegation, if supported by competent evidence, would require a jury finding.   *Nash v. Royster,* 189 N. C., 408, 127 S. E., 356; *Mullinax v. Hord,* 174 N. C., 607, 94 S. E., 426.

The plaintiff says that, with knowledge of the child's condition, the defendant failed to exercise due care in waiting more than ten hours before seeing the patient; and further that he omitted to exercise an enlightened judgment in pumping out his stomach without first ascertaining whether "he could take it."   *Long v. Austin,* 153 N. C., 508, 69 S. E., 500; *McCracken v. Smathers,* 122 N. C., 799, 29 S. E., 354; *S. c.,* 119 N. C., 617, 26 S. E., 157.

The defendant, on the other hand, without presently taking issue with the facts as detailed by plaintiff's witnesses, seeks to uphold the judgment on the ground that there is no evidence of any improper treatment or that what was done departed from the methods of approved practice in general use.   *Mitchem v. James,* 213 N. C., 673, 197 S. E., 127; *McLeod v. Hicks,* 203 N. C., 130, 164 S. E., 617; *Smith v. Wharton,* 199 N. C., 246, 154 S. E., 12; *Crooks v. Jonas,* 204 N. C., 797, 169 S. E., 218; *Ferguson v. Glenn,* 201 N. C., 128, 159 S. E., 5; *Smith v. McClung,* 201 N. C., 648, 161 S. E., 91.

We agree with the plaintiff that whether the defendant proceeded with due and ordinary care, under the circumstances and conditions shown by the record, was a question of fact for the jury.   *Covington v. James,* 214 N. C., 71, 197 S. E., 701; *Brewer v. Ring and Valk,* 177 N. C., 476, 99 S. E., 358; *Butler v. Lupton,* 216 N. C., 653, 6 S. E. (2d), 523; *Davis v. Wilmerding,* 222 N. C., 639, 24 S. E. (2d), 337.

The absence of expert medical testimony, disapproving the treatment or lack of it, is not perforce fatal to the case.   There are many known and obvious facts in the realm of common knowledge which speak for themselves, sometimes even louder than witnesses, expert or otherwise.

The case as made survives the demurrer.

Reversed.