ROBERT W. PITTMAN v. NORTH CAROLINA DEPARTMENT OF TRANSPORTATION

No. 8910IC666

(Filed 20 March 1990)

**State § 8.2 (NCI3d)— Tort Claims Act—State vehicle blocking road —no warning signs—collision—award for injuries proper**

    Evidence was sufficient to support the Industrial Commission's conclusion that defendant was negligent, plaintiff was not contributorily negligent, and plaintiff was therefore entitled to recover under the Tort Claims Act for injuries and property damage sustained when plaintiff's vehicle collided with defendant's truck where the evidence tended to show that defendant partially blocked a well-traveled highway for the purpose of replacing old speed limit signs; there was no advance warning sign to indicate that the road ahead was partially blocked; the flashing light on defendant's truck was not a proper warning that its parked truck was in the highway because it was blocked from plaintiff's view by the vehicle ahead of him, as defendant should have reasonably foreseen would be the case; and plaintiff, traveling at the lawful rate of 45 m.p.h. (66 feet per second) and being hemmed in by a vehicle to his left when defendant's parked truck suddenly came into view only 50 or 55 feet away, had no reasonable opportunity to avoid the truck during the split second which was available to him.

    **Am Jur 2d, Automobiles and Highway Traffic §§ 900, 907, 909, 915; Municipal, County, School, and State Tort Liability § 233.**

APPEAL by defendant from decision and order filed 3 May 1989 by the North Carolina Industrial Commission. Heard in the Court of Appeals 6 December 1989.

*Hamrick, Mauney, Flowers & Martin, by Fred A. Flowers, for plaintiff appellee.*

*Attorney General Thornburg, by Assistant Attorney General Richard L. Griffin, for defendant appellant.*

PHILLIPS, Judge.

The appeal is from a decision and order holding that plaintiff is entitled to recover $20,000 of defendant under the State Tort Claims Act for injuries and property damage sustained when plaintiff's vehicle collided with defendant's truck. The only questions presented are whether the Commission erred in finding and concluding that defendant was negligent and plaintiff was not contributorily negligent in causing the collision. Determinative of the case are the following unchallenged findings of fact:

On 7 October 1986 plaintiff was driving his Ford wrecker with a car in tow south on N.C. Highway 18 about two miles north of Shelby. At the same time two employees of the Department of Transportation were working on the side of the road replacing old speed limit signs. The Department's truck was parked partially blocking the road adjacent to a sign that was being replaced. The four lane section of road where the men worked is divided by only double yellow lines, is flat with a broad shoulder, and has a posted speed limit of 45 miles per hour. At approximately 1:30 in the afternoon plaintiff was traveling several car lengths behind a large paneled truck which obstructed the front view from the wrecker. Suddenly the paneled truck veered to the left out of the right hand lane of southbound traffic into the innermost lane of traffic, barely avoiding the state truck. Plaintiff was between 50 and 55 feet from the state truck when it came into view; he put on the brakes and attempted to move over as the paneled truck had done, but another vehicle was in the left hand lane; he ran into the left side of the state truck and sustained physical injuries to himself and damage to his truck. Defendant's normal procedure for replacing the signs takes between three and ten minutes with one man standing on the truck and unbolting the old sign and replacing it while the other man assists from the side of the truck by handing up tools. The driver's side wheels of the truck rest in the lane of traffic and block the roadway while the passenger side wheels are off the side of

the road. It is not the State's practice to put up advance warning signs along the highway to indicate that the road ahead is partially blocked; however, the truck did have a flashing yellow light on top and four flashing lights on the rear of the truck.

These facts lead inevitably and obviously to the Commission's conclusions that defendant was negligent in causing the collision and plaintiff was not contributorily negligent. The following principles of negligence law are too rudimentary and inherent in the concept of due care and fault to require a citation of authority: Obstructing a well-traveled highway without properly warning approaching motorists is negligence; a motorist's failure to avoid a highway obstruction that suddenly comes into view is contributory negligence only when the motorist has a reasonable opportunity to avoid the obstruction after it comes into view. In this instance the flashing light on defendant's truck was not a proper warning that its parked truck was in the highway because it was blocked from plaintiff's view by the vehicle ahead of him, as defendant should have reasonably foreseen would be the case; and plaintiff—traveling at the lawful rate of 45 miles an hour (66 feet per second) and being hemmed in by a vehicle to his left when defendant's parked truck suddenly came into view only 50 or 55 feet away—had no reasonable opportunity to avoid the truck during the split second that was available to him.

Affirmed.

Judges ARNOLD and GREENE concur.