TERESA G. ROSE, Plaintiff v. STEEN CLEANING, INC., D/B/A STEEN CLEAN-
ING AND MAINTENANCE, Defendant

No. 9121SC12

(Filed 19 November 1991)

**Negligence § 57.8 (NCI3d) — fall on newly waxed mall floor — notice
of dangerous condition — summary judgment improper**

In an action to recover for injuries suffered by plaintiff
when she fell on a newly waxed floor in a mall corridor, the
forecast of evidence in plaintiff's deposition presented a gen-
uine issue of material fact as to whether defendant's cleaning
crew gave proper notice of a dangerous condition to plaintiff
where it tended to show that plaintiff left her store after
mall operating hours to make a deposit at a bank located
at the opposite end of the mall; she knew it was customary
for defendant's cleaning crew to clean the mall floors after
operating hours and that the crew started at one end of the
mall and worked toward the other end; plaintiff passed at
least ten orange cones and warning signs along her route
to the bank and knew that they were usually associated with
the crew cleaning or waxing the floors; however, plaintiff did
not see any cones or signs "for some distance" prior to turning
into the corridor in which the bank was located and did not
see anyone working on the floors in the corridor; plaintiff's
view of the corridor was blocked by construction in a mall
store located on the corner of the corridor; immediately after
turning into this corridor, plaintiff slipped and fell on a newly
waxed floor and was injured; and the floor in the area in
which she fell was so slick that in order for her to continue
to the bank she had to hold on to the walls to keep from
falling again. Therefore, the trial court erred in entering sum-
mary judgment for defendant on issues of negligence and con-
tributory negligence.

**Am Jur 2d, Premises Liability § 582.**

**Liability of proprietor of store, office, or similar business
premises for fall on floor made slippery by waxing or oiling.
63 ALR3d 591.**

ROSE v. STEEN CLEANING, INC.

[104 N.C. App. 539 (1991)]

APPEAL by plaintiff from summary judgment entered 3 October 1990 in FORSYTH County Superior Court by *Judge William H. Freeman*. Heard in the Court of Appeals 8 October 1991.

Plaintiff instituted this negligence action to recover for injuries she suffered as a result of her falling on a newly waxed floor on 17 May 1987. Defendant answered denying plaintiff's allegations and asserted plaintiff was contributorily negligent. Defendant moved for summary judgment and submitted plaintiff's deposition testimony to support its motion. Plaintiff did not submit any separate material and relied on the forecast of evidence presented by her deposition testimony. Defendant's motion for summary judgment was granted by the trial court and plaintiff appeals.

*Gregory Davis for plaintiff-appellant.*

*Hutchins, Tyndall, Doughton & Moore, by Kent L. Hamrick, for defendant-appellee.*

WELLS, Judge.

Plaintiff brings forth only one assignment of error for our review, contending that the trial court erred in granting defendant's motion for summary judgment. For the reasons set forth below, we agree and reverse. This Court, as well as our Supreme Court, has repeatedly stated that summary judgment is not a preferable manner in which to dispose of negligence cases. As a general proposition, issues arising in negligence cases are ordinarily not susceptible to summary adjudication because application of the prudent person test, or any other applicable standard of care, is generally for the jury. *See Taylor v. Walker*, 320 N.C. 729, 360 S.E.2d 796 (1987), and cases cited therein.

Summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law. N.C. Gen. Stat. § 1A-1, Rule 56(c) (1990). In summary judgment, the burden is on the moving party to (1) prove an essential element of the opposing party's claim is non-existent, or (2) show through discovery that the opposing party cannot produce evidence to support an essential element of his or her claim. *Moore v. Fieldcrest Mills*, 296 N.C. 467, 251 S.E.2d 419 (1979). Summary judgment is a drastic measure and it should be used

ROSE v. STEEN CLEANING, INC.

[104 ·N.C. App. 539 (1991)]

with caution. *Kessing v. National Mortgage Corp.*, 278 N.C. 523, 180 S.E.2d 823 (1971).

To make out an actionable claim for negligence the plaintiff must introduce evidence tending to show that (1) defendant failed to exercise proper care in the performance of a duty owed to plaintiff; (2) the negligent breach of that duty was a proximate cause of plaintiff's injury; and (3) a person of ordinary prudence should have foreseen that plaintiff's injury was probable under the circumstances as they existed. *Jordan v. Jones*, 314 N.C. 106, 331 S.E.2d 662 (1985). In the present case, we believe there exists a genuine issue of material fact concerning whether the defendant gave proper notice of a dangerous condition to the plaintiff; therefore, the trial court erred in granting summary judgment.

The testimony contained in plaintiff's deposition tended to show that plaintiff was employed by The Body Shop, a vendor located in Hanes Mill Mall in Winston-Salem, North Carolina. Plaintiff was taking inventory in this shop on 17 May 1987. The nature of this work required the plaintiff to continue to work past the normal closing time of this and other stores in the mall. While continuing to work, plaintiff noticed defendant Steen's cleaning crew working on the floor near her shop. Plaintiff knew it was customary for this crew to clean the mall floors after mall operating hours. She also knew it was customary for the crews to start at one end of the mall and work towards the other.

At approximately 9:30 p.m. on 17 May 1987, plaintiff left her store to make a night deposit at a bank located at the opposite end of the mall in which plaintiff's store was located. Plaintiff carried a money deposit bag and was cautious on her journey to the other end of the mall. She stated she regularly took precautions to look for persons who might try to rob her on the way to the bank. Plaintiff noticed several orange cones and warning signs along her route to the bank. These cones and signs were usually associated with the crews cleaning or waxing the floors. Plaintiff continued to pass orange cones and warning signs until she reached the opposite end of the mall. She did not see any cones or signs "for some distance" prior to the area in which she fell.

Plaintiff approached the corridor in which the bank was located, then turned to her left and began to walk towards the bank. Almost instantly, she slipped and fell on a newly waxed floor and was injured. There were no cones or signs in the corridor approaching

the bank to warn of any cleaning activity. Plaintiff stated there was a member of the cleaning crew at the end of this corridor. However, she did not see this person prior to her fall. Plaintiff explained her view of this corridor was blocked by construction in a mall store located on the corner of the corridor in which plaintiff fell. The windows of this store normally offered a view of the corridor to the plaintiff prior to entering it. Plaintiff's testimony revealed that, in the area in which she fell, the floor was so slick that in order for her to progress to the bank she had to hold on to the walls to keep from falling again.

As defendant aptly emphasizes, it is not negligence *per se* to wax and polish the aisles of a store, *citing Hedrick v. Tigmore*, 267 N.C. 62, 147 S.E.2d 550 (1966). Such a general statement does not provide the basis for disposition of this case. It is well established that a person, engaged in an otherwise lawful activity who has nevertheless created a potentially dangerous or hazardous condition, has a duty to use reasonable care to warn others who may be put at risk by the condition. *See generally Pittman v. N.C. Dept. of Transportation*, 97 N.C. App. 658, 389 S.E.2d 275, *cert. denied*, 326 N.C. 801, 393 S.E.2d 899 (1990); *Holt v. City of Statesville*, 35 N.C. App. 381, 241 S.E.2d 362 (1978).

Defendant contends that the deposition testimony of plaintiff establishes that plaintiff was given adequate notice of the potential danger of walking upon newly waxed floors and that their efforts to warn of the potential dangers of the floor's condition were enough to absolve them from negligence. The deposition testimony, submitted by defendant and relied upon by plaintiff, showed defendant placed at least ten cones and signs in and around areas in which the cleaning crews were working. Plaintiff passed all of these on her way to the bank. Plaintiff was familiar with the process defendant followed in performing work on the mall floors. She knew defendant's crew members began working at one end of the mall and worked down to the other end. However, as plaintiff approached the end of the mall near her destination she did not see anyone performing work on the floors nor did she see any cones or signs "for some distance" prior to turning into the corridor in which she fell.

Plaintiff contends the forecast of evidence in her deposition shows the notice provided by defendant was less than adequate and did not fully warn a reasonable person of the potential dangers associated with defendant's activity. She contends the presence

of the warning signs and cones throughout the mall would lead a reasonable person to conclude a danger existed only where the warnings were found. In short, plaintiff contends the lack of signs and cones at the location she fell would lead a reasonable person to believe no danger existed there.

Simply stated, on these facts reasonable minds could differ on the issue of negligence and contributory negligence, and this case should therefore proceed to trial.

Reversed and remanded.

Judges PARKER and WYNN concur.