LIZZIE LITTLE, PLAINTIFF v. GLENNIE M. MATTHEWSON, II, MATTHEWSON
& DANIELS, P.A., AND GLENNIE M. MATTHEWSON, II, ADMINISTRATOR
OF THE ESTATE OF JEANNE DANIELS MATTHEWSON, DEFENDANTS

No. 933SC279

(Filed 3 May 1994)

## 1. Attorneys at Law § 45 (NCI4th) — malpractice action — breach of standard of care — expert testimony not required

In a legal malpractice action against defendant attorneys who improperly stated the date of plaintiff's slip and fall in a complaint against a hospital, thereby causing the case to be dismissed because the judge found that it was barred by the statute of limitations, the trial court erred in directing verdict for defendant attorneys on the ground that plaintiff failed to present expert testimony and evidence establishing a breach of the standard of care, since an attorney with twenty-seven years of experience testified for plaintiff concerning procedural matters in the underlying slip and fall case, and the attorney's testimony was evidence of what other attorneys in the same or a similar community "should do." Furthermore, such expert testimony was not even necessary in this case since having an action dismissed because of a failure to file that action within the applicable statute of limitations is of such a nature that the common knowledge of laypersons is sufficient to find the standard of care required, a departure therefrom, or proximate causation.

**Am Jur 2d, Attorneys at Law §§ 202, 203, 223.**

**Attorney's liability for negligence in preparing or conducting litigation. 45 ALR2d 5.**

**Legal malpractice by permitting statutory time limitation to run against client's claim. 90 ALR3d 293.**

**Admissibility and necessity of expert evidence as to standards of practice and negligence in malpractice action against attorney. 14 ALR4th 170.**

LITTLE v. MATTHEWSON

[114 N.C. App. 562 (1994)]

2. **Attorneys at Law § 48 (NCI4th)— legal malpractice action— plaintiff's underlying claim valid—likelihood of judgment for and recovery by plaintiff—sufficiency of evidence**

The trial court erred in directing a verdict for defendant attorneys in a legal malpractice action on the grounds that plaintiff failed to establish that the underlying claim was valid, would have resulted in a judgment in her favor, and would have been collected, since the underlying slip and fall claim was valid, and plaintiff established that she could have recovered compensation from the hospital on her claim, as the hospital had liability and medical payments insurance which would pay for any losses caused by the hospital's negligence and for plaintiff's medical expenses, and the hospital had offered to pay an amount of money to plaintiff.

**Am Jur 2d, Attorneys at Law § 223.**

**Measure and elements of damages recoverable for attorney's negligence in preparing or conducting litigation— Twentieth Century cases. 90 ALR4th 1033.**

Judge LEWIS dissenting.

Appeal by plaintiff from order entered 27 October 1992 by Judge Ernest B. Fullwood in Pitt County Superior Court. Heard in the Court of Appeals 11 January 1994.

*Jeffrey L. Miller for plaintiff-appellant.*

*No brief filed for defendants-appellees.*

JOHNSON, Judge.

This appeal is a malpractice action brought by plaintiff against defendant-attorneys who previously represented her in a slip and fall case against Pitt County Memorial Hospital.

The facts relative to the slip and fall case are as follows: On 12 July 1983, plaintiff went to Pitt County Memorial Hospital to visit sick relatives; while there, plaintiff slipped on a floor which had just been waxed. There were no warning or caution signs displayed in the area advising plaintiff or others of the hazardous floor condition. Plaintiff suffered personal injuries and incurred medical expenses. Plaintiff employed defendant-attorneys in April 1986 to handle her claim against the hospital.

LITTLE v. MATTHEWSON

[114 N.C. App. 562 (1994)]

On 11 July 1986, one day before the statute of limitations would have run, defendant-attorneys filed an application and order for a twenty-day extension to file a complaint, which was granted. The date of the fall was not stated in the application. On 31 July 1986, the last day of the extension, defendant-attorneys filed a formal complaint. In the complaint, defendant-attorneys mistakenly referred to the date of the alleged injury as 7 July 1983 instead of 12 July 1983. Although plaintiff informed defendant-attorneys of the correct date before they filed the complaint on her behalf, defendant-attorneys failed to make the correction. The hospital, accordingly, asserted the statute of limitations as a defense, based on the fact that the complaint alleged that the injury occurred on 7 July 1983, more than three years before the institution of plaintiff's lawsuit on 11 July 1986.

On 7 February 1987, defendant-attorneys filed a voluntary dismissal without prejudice without first seeking to correct the date mentioned in the complaint. On 2 February 1988, another attorney for plaintiff filed an action against the hospital on plaintiff's behalf. The trial judge dismissed that case on 30 March 1988, finding that it was barred by the statute of limitations.

As a result, on 28 June 1989, plaintiff instituted the present action against defendant-attorneys, seeking to recover damages based upon their negligent handling of her slip and fall case. Plaintiff alleged defendant-attorneys were negligent in filing a complaint containing an inaccurate date, in failing to correct the date, in failing to amend the complaint to correct the date, and in dismissing the action without first correcting the date. In their answer, defendant-attorneys admitted the existence of the attorney-client relationship, the correct date of plaintiff's fall, and that they failed to include the correct date in the complaint.

This malpractice action came on for trial at the 26 October 1992 civil session of Pitt County Superior Court. At the close of plaintiff's evidence, the trial court directed a verdict for defendant-attorneys. Plaintiff filed timely notice of appeal to our Court.

Plaintiff argues on appeal that the trial court committed reversible error in directing a verdict for defendant-attorneys. A directed verdict motion tests the legal sufficiency of the evidence to go to the jury. The trial court must consider the evidence in the light most favorable to the plaintiff, giving plaintiff the benefit of all reasonable inferences. *Snead v. Holloman*, 101 N.C. App.

462, 400 S.E.2d 91 (1991). If there is more than a scintilla of evidence supporting each element of the plaintiff's case, the directed verdict motion should be denied. *Id.* Review by an appellate court is limited to examining the grounds asserted in the directed verdict motion. *Southern Bell Telephone & Telegraph Co. v. West*, 100 N.C. App. 668, 397 S.E.2d 765 (1990), *aff'd per curiam*, 328 N.C. 566, 402 S.E.2d 409 (1991).

An attorney's legal obligation to his or her client has been set forth by our Supreme Court, to-wit:

> Ordinarily when an attorney engages in the practice of the law and contracts to prosecute an action in behalf of his client, he impliedly represents that (1) he possesses the requisite degree of learning, skill, and ability necessary to the practice of his profession and which others similarly situated ordinarily possess; (2) he will exert his best judgment in the prosecution of the litigation entrusted to him; and (3) he will exercise reasonable and ordinary care and diligence in the use of his skill and in the application of his knowledge to his client's cause. (Citations omitted.)
>
> . . .
>
> [H]e is answerable in damages for any loss to his client which proximately results from a want of that degree of knowledge and skill ordinarily possessed by others of his profession similarly situated, or from the omission to use reasonable care and diligence, or from the failure to exercise in good faith his best judgment in attending to the litigation committed to his care. (Citations omitted.)

*Rorrer v. Cooke*, 313 N.C. 338, 341, 329 S.E.2d 355, 358 (1985), *quoting Hodges v. Carter*, 239 N.C. 517, 519-20, 80 S.E.2d 144, 145-46 (1954).

"In a professional malpractice case predicated upon a theory of an attorney's negligence, the plaintiff has the burden of proving by the greater weight of the evidence: (1) that the attorney breached the duties owed to his client, as set forth by *Hodges*, 239 N.C. 517, 80 S.E.2d 144, and that this negligence (2) proximately caused (3) damage to the plaintiff." *Rorrer*, 313 N.C. at 355, 329 S.E.2d at 365-66. "Where the plaintiff bringing suit for legal malpractice has lost another suit allegedly due to his attorney's negligence, to prove that but for the attorney's negligence plaintiff would not

LITTLE v. MATTHEWSON

[114 N.C. App. 562 (1994)]

have suffered the loss, plaintiff must prove that: (1) The original claim was valid; (2) It would have resulted in a judgment in his favor; and (3) The judgment would have been collectible." *Id.* at 361, 329 S.E.2d at 369.

Plaintiff argues that defendant-attorneys based their directed verdict motion on two grounds. The first ground is that plaintiff failed to present expert testimony and evidence establishing a breach of the standard of care; the second is that plaintiff failed to establish that the underlying claim was valid, would have resulted in a judgment in her favor, and would have been collected.

[1] We first address whether plaintiff failed to present expert testimony and evidence establishing a breach of the standard of care. In *Progressive Sales, Inc. v. Williams, Willeford, Boger, Grady & Davis*, 86 N.C. App. 51, 356 S.E.2d 372 (1987), our Court made reference to *Rorrer*, noting "[a]lthough *Rorrer* does not mandate introducing expert testimony in a legal malpractice action, that case does stress the need to establish the standard of care in the same or similar legal community. . . . [T]he purpose of putting on evidence as to the standard of care in a malpractice lawsuit [is] to see if this defendant's actions 'lived up' to that standard." *Id.* at 56, 356 S.E.2d at 375.

Our Court recently addressed the issue of whether the standard of care was established in a legal malpractice action in *Haas v. Warren*, 112 N.C. App. 574, 436 S.E.2d 259 (1993). After reciting the duties of an attorney promulgated in *Hodges* and expounded upon in *Rorrer*, our Court held that the standard of care in *Haas* had not been established. Our Court noted that the proffered testimony was "evidence of what other attorneys [in the same or similar community] *do*, not evidence of what they *should do* which is what is required by *Hodges* and *Rorrer*." *Id.* at 579, 436 S.E.2d at 262 (emphasis retained).

We believe the standard of care has been established in the case *sub judice*. Attorney T. F. Harris, whose experience included twenty-seven years of practicing law, almost exclusively in civil litigation, testified at trial for plaintiff. Attorney Harris served as attorney for Pitt County Memorial Hospital in the slip and fall case underlying the instant appeal. He testified that pursuant to the North Carolina Rules of Civil Procedure, plaintiff sought and obtained a twenty-day extension of time within which to file her complaint, and Attorney Harris explained that this is a pro-

## LITTLE v. MATTHEWSON

[114 N.C. App. 562 (1994)]

cedure which is used when a statute of limitations period is about to expire. He testified further that because the complaint alleged that the accident occurred on 7 July 1983, he believed plaintiff had been four days late asking for the twenty-day extension, and that in Attorney Harris' answer to plaintiff's complaint he therefore raised the defense of the statute of limitations, i.e., "that [the] suit [was] not filed within [an] appropriate period of time." Later, while testifying further about the motion to dismiss and how to make an amendment to a complaint, Attorney Harris was asked if the North Carolina Rules of Civil Procedure "are rules that govern the practicing lawyers in North Carolina in the courts and in civil actions[.]" Attorney Harris noted that the North Carolina Rules of Civil Procedure "are the uniform procedural rules that all lawyers have to abide by." We find that Attorney Harris' testimony was evidence of what other attorneys in the same or similar community "should do." Indeed, in matters involving the statute of limitations, we believe a statewide standard for all licensed attorneys in North Carolina exists in that all licensed attorneys have the duty to maintain basic minimum levels of competency. When accepting a case from a client, the applicable statute of limitations is one of the very first matters which an attorney examines. And, as evidenced herein, incorrectly stating the relevant dates on a plaintiff's complaint can result in the dismissal of what might otherwise be a valid claim.

Moreover, as we have stated earlier, because the purpose of putting on evidence as to the standard of care in a malpractice lawsuit is to see if this defendant's actions "lived up" to that standard, we question whether this evidence was even necessary on the facts in this case. The concept of the statute of limitations and the computation of the number of days within which a suit must be filed is not a legally complex question. In fact, in the instant case, plaintiff's action was barred on the face of the complaint. We have observed as to medical malpractice that

> [e]xpert testimony is not required however, to establish the standard of care, failure to comply with the standard of care, or proximate cause, in situations where a jury, based on its common knowledge and experience, is able to decide those issues. [Citation omitted.] The application of this "common knowledge" exception to the requirement of expert testimony in medical malpractice cases has been reserved for those situations in which a physician's conduct is so grossly negligent

LITTLE v. MATTHEWSON

[114 N.C. App. 562 (1994)]

or the treatment is of such a nature that the common knowledge of laypersons is sufficient to find the standard of care required, a departure therefrom, or proximate causation. *See Buckner v. Wheeldon*, 225 N.C. 62, 64, 33 S.E.2d 480, 482 (1945) (plaintiff had compound fracture of leg with bone protruding through open wound, doctor failed to cleanse or sterilize open wound before setting leg in cast, causing infection); *Groce v. Myers*, 224 N.C. 165, 170, 29 S.E.2d 553, 557 (1944) (doctor, in the course of treating plaintiff's insanity, jerked plaintiff's arm, breaking it); *Mitchell v. Saunders*, 219 N.C. 178, 184, 13 S.E.2d 242, 246 (1941) (doctor left sponge in patient's body during surgery).

*Bailey v. Jones*, 112 N.C. App. 380, 387, 435 S.E.2d 787, 792 (1993). (*See also Waynick v. Reardon*, 236 N.C. 116, 72 S.E.2d 4 (1952), which involved a plaintiff's claim for negligence against a surgeon for his performance of a lumbar sympathectomy which allegedly caused paralysis and amputation of a leg. Our Supreme Court said that "[t]he absence of expert medical testimony, disapproving the treatment or lack of it, is not perforce fatal to the case. There are many known and obvious facts in the realm of common knowledge which speak for themselves, sometimes even louder than witnesses, expert or otherwise." *Id.* at 121, 72 S.E.2d at 7, *quoting Gray v. Weinstein*, 227 N.C. 463, 42 S.E.2d 616 (1947)).

As evidenced in the transcript, all but one of the jurors stated that they knew what a statute of limitations was during jury selection. Moreover, this simple concept was explained at trial. We believe having an action dismissed because of a failure to file that action within the applicable statute of limitations "is of such a nature that the common knowledge of laypersons is sufficient to find the standard of care required, a departure therefrom, or proximate causation." We further note that other states have held in a similar fashion. *See House v. Maddox*, 46 Ill. App. 3d. 68, 73, 360 N.E.2d 580, 584 (1977):

Where no issue is raised as to defendant's responsibility for allowing the statute of limitations to run, where the negligence of defendant is apparent and undisputed, and where the record discloses obvious and explicit carelessness in defendant's failure to meet the duty of care owed by him to plaintiff, the court will not require expert testimony to define further that which is already abundantly clear.

## LITTLE v. MATTHEWSON

[114 N.C. App. 562 (1994)]

*See also George v. Caton*, 93 N.M. 370, 377, 600 P.2d. 822, 829, *cert. quashed*, 93 N.M. 172, 598 P.2d. 215 (1979) ("It does not require expert testimony to establish the negligence of an attorney who is ignorant of the applicable statute of limitations or who sits idly by and causes the client to lose the value of his claim for relief."); *Watkins v. Sheppard*, 278 So. 2d. 890 (La. App. 1973); *Lenius v. King*, 294 N.W.2d 912 (SD 1980); *Berman v. Rubin*, 138 Ga. App. 849, 227 S.E.2d 802 (1976).

[2]   We now address the second ground upon which plaintiff argues that defendant-attorneys based their directed verdict motion, that plaintiff failed to establish that the underlying claim was valid, would have resulted in a judgment in her favor, and would have been collected. First, we find the underlying claim was valid. *See Rose v. Steen Cleaning, Inc.*, 104 N.C. App. 539, 410 S.E.2d 221 (1991) and *Rone v. Byrd Food Stores*, 109 N.C. App. 666, 428 S.E.2d 284 (1993). We also find that plaintiff has established that she could have recovered compensation from the hospital on her claim, as the hospital had liability and medical payments insurance which would pay for any losses caused by the hospital's negligence and for plaintiff's medical expenses; indeed, Attorney Harris testified that the hospital had offered to pay an amount of money to plaintiff, and plaintiff also testified that her understanding was that the hospital was going to pay her an amount of money. Based on this and other testimony at trial, and the verified complaints which had been entered into evidence, we believe this case would have resulted in a judgment in plaintiff's favor.

Therefore, we reverse the decision of the trial court and remand this case to the trial division.

Judge EAGLES concurs.

Judge LEWIS dissents.

Judge LEWIS dissenting.

I respectfully dissent from the majority opinion. Although I agree that expert testimony is not always necessary to establish the standard of care in attorney malpractice actions, I believe there must be some evidence, expert or otherwise, establishing the standard of care in order to survive a motion for a directed verdict. *See Haas v. Warren*, 112 N.C. App. 574, 436 S.E.2d 259 (1993).

LITTLE v. MATTHEWSON

[114 N.C. App. 562 (1994)]

I disagree with the majority's conclusion that Thomas Harris presented sufficient evidence of the standard of care in the case at hand. Harris explained the statute of limitations and explained that defendants-attorneys had failed to file their claim in time. However, simply explaining the mistakes committed is insufficient to establish the standard of care. In *Progressive Sales, Inc. v. Williams, Willeford, Boger, Grady & Davis*, 86 N.C. App. 51, 356 S.E.2d 372 (1987), this Court stated:

> The evidence at trial is clear as to what [the attorney] did and did not do. What is not clear is the standard by which [the attorney's] acts and omissions are to be weighed. That is the purpose of putting on evidence as to the standard of care in a malpractice lawsuit; to see if this defendant's actions "lived up" to that standard.

*Id.* at 56, 356 S.E.2d at 375-76. *See also Haas*, 112 N.C. App. at 579, 436 S.E.2d at 262 (holding that evidence of "what other attorney's *do*" is insufficient to establish standard of care, because need evidence of "what they *should do*").

Furthermore, although he mentioned several other Rules of Civil Procedure, such as Rule 15 and Rule 41, Harris never mentioned that the statute of limitations is an affirmative defense under Rule 8. *See* N.C.G.S. § 1A-1, Rules 8, 15, 41 (1990). Thus, his later statements, made while discussing motions to dismiss and amendments to complaints, that the Rules of Civil Procedure are binding on attorneys practicing in North Carolina are irrelevant and provide no evidence of the standard of care regarding the statute of limitations.

As an alternate basis for its conclusion, the majority indicates that evidence of the standard of care may be altogether unnecessary in cases involving statute of limitations problems. I believe that the present case is more complex than a basic statute of limitations violation. Although a jury may very well calculate the time of the relative statute of limitations, I question whether the jury could as easily understand the other issues discussed in this case, such as amendments to pleadings, the principle of relation-back, and the implications and ramifications of a voluntary dismissal and refiling. The standard of care is the benchmark by which malpractice is measured, be it legal or medical. It must be clear and unequivocal lest the trier of fact be obscured in a cloud of uncertainty and injustice be done.

I believe the jury needed more guidance to determine whether the defendants-attorneys "lived up" to the standard of care in the relevant legal community in this case. I would conclude that plaintiff failed to establish the standard of care, and, therefore, I respectfully dissent.